Ozeas v. Johnson.

restricted to the first day of the first term. It is impossible to remove an action, before the first day of the term to which the writ is returnable ; as the writ of removal is directed to the court in which the action is brought, and the court can have no knowledge of the action, until its session, at the term next succeeding its commencement.

On this view of the subject, we are of opinion, that the intention of the legislature cannot be carried into effect, without so construing the act, as to admit of the removal of an action, on or before the first day of the term next after that to which the original writ is returnable.

*Procedendo* refused.

---

OZEAS *v.* JOHNSON, administrator of FOULKE. (a)

### *Partnership.*

One partner cannot maintain *assumpsit* against the other, to recover the balance of the proceeds of a partnership adventure, unless the partners have settled their account and struck the balance.

CASE for money had and received, &c. The plaintiff and Foulke, the intestate, had been jointly concerned in a mercantile adventure from Philadelphia to New Orleans ; but there was no evidence at the trial, that they had ever settled their accounts ; and this action was brought to recover a balance claimed by the plaintiff. The jury, accordingly, gave a verdict in his favor for $320, subject to the opinion of the court, on a point reserved ; to wit, whether the plaintiff, being a partner of Foulke's, and equally concerned in the adventure, could recover in the present form of action ?

On arguing the point reserved, *S. Levy,* for the plaintiff, urged that the action of account-render was almost obsolete ; that the action for money had and received was in nature of a bill in equity ; that having no distinct court of equity, equity had become, in effect, a part of the common law of Pennsylvania, administered through her common-law courts ; and that the sense of the legislature, on the subject, was manifested in the 6th section of the act of the 1st of March 1806 (P. L. 562), which provides, " that in all cases where any suit has been brought in any court of record within this common-wealth, the same shall *not be set aside for informality, if it appear, that the process has issued in the name of the commonwealth, against the defendant, for moneys owing or due, &c." (Wats. on Part. 221 ; 2 Ves. 239 ; 1 Bac. Abr. 31, 36, 37 ; Cowp. 795 ; 1 Dall. 428, 211.)

*Hopkinson,* for the defendant, admitted, that if a partnership is dissolved, and the partnership accounts settled, the creditor partner may bring an action on the case for the balance (Wats. on Part. 221, 226) ; but he contended, that as this was the case of a special partnership, in which no account of the joint adventure had been settled, an action of *assumpsit* could not be sustained. (Wats. 116 ; 2 T. R. 476, 478, 479, 483 ; 2 Caines 293, 296 ; *Lamalere* v. *Caze,* in the circuit court of the United States, 1 W. C. C. 435.)

The opinion of the court was delivered by the Chief Justice, on the 1st

---

(a) s. c. 1 Binn. 191.

Ozeas v. Johnson.

of January 1807, who, having stated the facts and point reserved, proceeded as follows :

TILGHMAN, C. J.—It was my wish to support the action, if possible ; because the jury have decided on the merits of the cause. But upon a deliberate consideration of the nature of the action, and the authorities which have been cited, I am convinced, that the plaintiff cannot recover. Money received by one partner, during the partnership, is not received for the use of either, but for the use of both the partners. All that either partner is entitled to, is a moiety of what remains, after all the partnership debts are paid ; and the proper remedy for one partner against the other, to obtain a settlement and payment, is an action of account-render. In short, no case has been cited by the plaintiff's counsel, to show that an action like the present can be maintained, unless the partners have settled their account and struck the balance. (a)

It is, then, of importance to the administration of justice, that the forms of action, which originate in good sense and public convenience, should not be confounded. The defendant has a right and an interest, to insist upon the preservation of the proper form of action, to enforce his partnership contract against him, of which this court possesses no power to deprive him. It is, indeed, most convenient, that partnership accounts should be settled before auditors. It would often be extremely difficult, sometimes it would be impracticable, to settle them by a jury. For these reasons, we think, that plaintiff cannot maintain the present action.

---

(a) An actual settlement must be made and a balance struck, by the act of both parties, before either can be charged in an action of *assumpsit.* It is not sufficient, that the balance may be deduced from the partnership books. Andrews v. Allen, 9 S. & R. 241. Until a partnership is dissolved, the accounts of the partners liquidated, and a balance struck, one partner cannot sue another in an action of *indebitatus assumpsit.* Lamalere v. Caze, 1 W. C. C. 435.[1]

[1] One partner cannot recover in *assumpsit*, against another, for advances, until a settlement of the partnership accounts, without proof of an *express* promise to pay, though the partnership has ceased to exist. Leidy v. Messinger, 71 Penn. St. 177. And *assumpsit* will not lie by one partner, to recover from the other, a balance due upon the settlement of their partnership account, without proof of an express promise. Killam v. Preston, 4 W. & S. 14. Otherwise, if an account be stated and rendered, which is returned without objection, for upwards of a year. Preston v. Killam, 1 Am. L. J. 168. And see Patton v. Ash, 7 S. & R. 116 ; McFadden v. Hunt, 5 W. & S. 458 ; Roberts v. Fitler, 13 Penn. St. 265 ; Ferguson v. Wright, 61 Id. 258. The law is otherwise, where there is a partnership, as to a single transaction ; in such case, a creditor partner will not be put to his action of account-render. Galbreath v. Moore, 2 Watts 86 ; Wright v. Cumsty, 41 Penn. St. 102 ; Finlay v. Stewart, 56 Id. 183 ; Meason v. Kaine, 61 Id. 335 ; Cleveland v Farrar, 4 Brewst. 27.