## HAMILTON MICKLE *vs.* JOHN B. PEET.

Where one of two partners has advanced to the partnership more than the other, he can not maintain assumpsit against the other partner for his proportion of it, so long as the partnership debts are not paid.

Until the affairs of the partnership are settled, its assets disposed of, and the avails applied to the payment of all demands against it, it can not be known what balance will be due from the partnership to such partner. When this balance is ascertained, then, and not before, the law implies a promise on the part of the other partner, to pay his proportion of it.

The act of 1867 (Gen. Statutes, p. 423, sec. 5,) does not affect the case.

ACCOUNT and general assumpsit; brought to the Court of Common Pleas in Fairfield County. Tried to the court, before *De Forest*, *J.*, facts found, and judgment rendered for the plaintiff, and motion in error by the defendant. The case is sufficiently stated in the opinion.

*H. E. Pardee*, for the plaintiff in error.

*I. M. Bullock*, for defendant in error.

CARPENTER, J. The plaintiff and defendant were partners in business. The partnership was dissolved by mutual consent August 29th, 1874. August 31st the parties met with their respective counsel, and examined and adjusted their respective accounts with the firm. It was then ascertained that the plaintiff had advanced, in excess of the defendant's advancements, the sum of $304.06. A mistake subsequently discovered reduced this balance to $204.06. On the 9th of September this suit was brought to recover one-half of this balance. The action is account and assumpsit joined. The plaintiff claimed to recover only on the counts in assumpsit.

At the time the action was brought there were outstanding debts due to the partnership. There was also partnership property, which was accessible to both parties, valued at over five hundred dollars.

After the commencement of this suit the plaintiff applied to a judge of the Superior Court for the appointment of a

receiver under Gen. Statutes, p. 483, sec. 2, on which application a receiver was appointed.

Upon these facts the defendant claimed that the plaintiff was not entitled to recover. The court overruled the defendant's claim and rendered judgment for the plaintiff to recover one-half of said balance. A motion in error brings the record before this court for revision.

Upon the facts found by the court the action could not be maintained at common law. Collyer on Part., § 264, *et seq.* and authorities cited; *Williams* v. *Henshaw*, 11 Pick., 79, and 12 Pick., 378; *Day* v. *Lockwood*, 24 Conn., 185. Debts due to the partnership remain to be collected, and partnership property remains to be disposed of. Until this is done there can be no final settlement of the partnership accounts. It cannot be known whether anything will be due the plaintiff, and if anything, how much. Apparently his claim will be paid, and there will be a balance to divide between the partners, as it does not appear that there are other debts, and the property on hand is more than sufficient to pay the plaintiff's demand.

The plaintiff gave credit, not to the defendant, but to the partnership; the debt therefore is due from the partnership, and not from the defendant.

Assumpsit can only be maintained upon a promise, express or implied. There was no express promise, either at the time the money was advanced, or at the time the balance was ascertained. The law implies no promise until after the affairs of the partnership are settled, its assets disposed of, and the avails applied to the payment of all demands against it. Then if there is a balance due the plaintiff the law will imply a promise by the defendant to pay his proportion of it.

The plaintiff claims however that the statute of 1867, Gen. Statutes, p. 423, sec. 5, authorizes a recovery in this action.

That section provides that assumpsit shall be a concurrent remedy with the action of account for the settlement of all partnership accounts, where the partnership consists of only two persons, and authorizes the joinder of counts in assumpsit with counts in account.

The difficulty is that this action is not brought for the settlement of the partnership accounts. It is an action brought by one partner against the other for the recovery of money advanced to the partnership, for the purpose of equalizing the advancements, without reference to the affairs of the partnership. After a recovery the affairs of the company will still remain in an unsettled condition. That statute manifestly was not intended to apply to a case where debts are to be collected and paid, and property sold and disposed of. It cannot therefore apply to this case.

The judgment of the court below is erroneous and must be reversed.

In this opinion the other judges concurred.