McMAHON, appellant, *v.* THORNTON ET AL., respondents.

PLEADING — *Misjoinder of parties — Agency or partnership — Ambiguity and multifariousness.* — A complaint that sufficiently charges a partnership and asks for an accounting is not demurrable for ambiguity, though it sets forth in addition special cause of action against one of the partners. The latter may be stricken out on motion as surplusage, or *quære,* may be good as re-enforcing the allegation of partnership. The action cannot proceed against one partner alone as agent until after an accounting, to which all partners are necessary parties, and there is no misjoinder in including all partners as defendants.

Such complaint is not obnoxious to the charge of multifariousness unless it sets forth two distinct causes of action such as could not be united under the code.

*Appeal from Second District, Deer Lodge County.*

S. DE WOLF, for appellant.

1. The complaint states a cause of action, in ordinary and concise language, and is sufficient both under the code, and as containing every essential averment of a bill in equity, to entitle the plaintiff to an accounting. Code of Civil Prac. secs. 81, 83, 98, 117.

2. The right to an accounting on the dissolution of a copartnership follows as a matter of course. Story's Equity, secs. 671, 672; Story, Part. 347, note 1, 348, 349; Pars. Part. 508–512; *Ross* v. *Cornell,* 45 Cal. 133; *Nesbit* v. *Nash,* 52 Cal. 540; *Cottle* v. *Leitch,* 35 Cal. 434; *Prim* v. *Ormsbee,* 2 Abb. Pr. (U. S.) 375; *Mitchell* v. *O'Neil,* 4 Nev. 504; *Young* v. *Pearson,* 1 Cal. 448.

3. In an action for an accounting between former partners, all the partners should be made parties. *Young* v. *Hoglan,* 52 Cal. 466; *Wiggins* v. *Cummings,* 8 Allen, 353; *September* v. *Putnam,* 30 Cal. 490; *Ross* v. *Cornell,* 45 Cal. 133; *Blood* v. *Fairbanks,* 48 Cal. 171.

4. Mining copartnerships, in all matters relating to a dissolution and the liability of the copartners to account to one another, are governed by the same rules as commercial or other partnerships. *Skillman* v. *Lachman,* 23

Cal. 199; *Duryea* v. *Burt,* 28 Cal. 569; *Jones* v. *Clark,* 42 Cal. 180.

5. The smelter mentioned in the complaint is treated in equity as personal property for the purpose of adjusting partnership accounts. Story, Part. sec. 92; Pars. Part. 364; *Dupey* v. *Leavenworth,* 17 Cal. 263.

6. A demurrer admits all the allegations of the complaint that are issuable and well pleaded. This rule is fundamental and requires no authority to support it.

J. C. Robinson, for respondent.

There is a misjoinder of defendants. *Wilson* v. *Castro,* 31 Cal. 427; 1 Daniel Ch. Prac. 342 and note, 345 and note. No one but Rosenthal is liable to plaintiff. Story on Part. pp. 276-7, 28, 1, 675. And then under the averment of the complaint Rosenthal is not liable on any copartnership settlement, but on an accounting as agent of the plaintiff and other defendants.

There is no partnership averred. *Bradley* v. *Harkness,* 26 Cal. 76; *Duryea* v. *Burt,* 28 id. 574.

There is no dissolution averred; only a sale of part interest in copartnership property, which constitutes no dissolution. This case is the same as *Bradley* v. *Harkness, supra.* A partnership does not terminate by sale of part of the property, etc. The remedy of plaintiff as to the smelter would have been by partition, and the bill or complaint is not sufficient for that.

There is no averment of any unsettled copartnership matter as to said mine, but that plaintiff severed his interest by sale, and that Rosenthal, as agent of the company, has in his hands funds of the others. Hence plaintiff's cause of action would be against Rosenthal for an accounting, by joining with him as plaintiffs the defendants other than Rosenthal. And in case they refused to join as plaintiffs, to make them defendants by averring their refusal to join as plaintiffs. Practice Act, sec. 19.

The complaint is so ambiguous and uncertain that it

cannot be understood therefrom whether said matter in relation to said smelter is intended as a separate and distinct cause of action from said matter as to said mine or intended as part of the same cause.

That the parties to an action as to said smelter would be different from said matter as to said mine, in this: there would be an action against Rosenthal by plaintiff and the other defendants; and as to said smelter it would be a bill for partition. Hence for said reasons the said demurrer was properly sustained.

WADE, C. J.  This is an action in the nature of a bill in equity, wherein the plaintiff asks for an accounting as between partners and a sale of partnership property. There was a demurrer to the complaint, which was sustained, and the plaintiff appeals.  We are called upon to pass upon the sufficiency of the complaint, which substantially alleges that the plaintiff and defendants, on and prior to the 26th day of November, 1878, were the owners as tenants in common of the Gagnon mine, situate in Summit Valley mining district, Deer Lodge county; that the plaintiff's interest in the mine was one undivided one-twelfth part thereof; that from the 10th day of October, 1877, to the 20th day of November, 1878, the plaintiff and defendants worked this mine jointly under a mining copartnership known as the Gagnon Mining Company; that the interest of the plaintiff and the several defendants in this mining copartnership was relatively the same as their interest in the mine, the plaintiff's interest being one-twelfth; that during the existence of said copartnership, the defendant, Joseph Rosenthal, acted as superintendent and treasurer of the company; that on the 26th day of November, 1878, the plaintiff sold and conveyed his interest in the mine to the defendants and thereby dissolved his relation as copartner in the company; that by the terms of the sale the plaintiff reserved his interest in and to all moneys

belonging to the company in the hands of the superintendent and treasurer; that at the time of said sale the company were the owners of a certain smelting furnace situate on Silver Bow creek, with the fixtures, machinery and tools connected therewith; that the plaintiff has never sold to the defendants, or to either of them, his interest in the smelter, tools and fixtures, and that since said sale the defendants have been in the sole use and occupancy of said property; that no accounting or settlement has ever been had of the transactions of the copartnership, nor has the defendant Rosenthal ever accounted to the plaintiff or to the copartnership for the money received by him as the superintendent and treasurer of the company; that all the books of account of the transactions of the company are in the sole and exclusive possession of the defendants, and that they refuse to have an account taken of the transactions of the copartnership. Whereupon, the plaintiff demands an accounting, a sale of the smelter, and that upon such sale and accounting a balance be struck, and that the amount found due to the plaintiff and defendants be decreed to them respectively.

To this complaint the defendants, by their demurrer, say: First, there is a misjoinder of parties defendant; that no one but defendant Rosenthal is liable to the plaintiff, and that under the averments of the complaint Rosenthal is not liable on any partnership settlement, but on an accounting as agent of the plaintiff and other defendants; and second, that the complaint is uncertain in this, as to whether the matter in reference to the mine and in reference to the smelter are intended as one cause of action, or as two separate causes of action.

1. In answer to the first proposition, it is sufficient to say that it is averred that the plaintiff and defendants, including the defendant Rosenthal, were partners, and that a court will not order a division between partners of partnership funds, in the hands of one of them, until an

accounting of the whole partnership transactions has been taken. *McRae* v. *McKenzie*, 2 Dev. & B. Eq. (N. C.) 232. An accounting being necessary as between the partners, before an action could be maintained by either of them for funds in the hands of the other, it follows that the plaintiff could not maintain an action against his partner Rosenthal, as the agent of the plaintiff and defendants. The plaintiff and defendants were partners, and their rights and liabilities must depend upon and be determined by that relation, and not upon the fact that partners are agents for each other. The first step towards authorizing one partner to sue another is an accounting between the partners. One partner cannot sue another for his share while the partnership accounts are unsettled. *Lawler* v. *Denton*, 9 Wis. 268; *Smith* v. *Smith*, 33 Mo. 557; *Ives* v. *Miller*, 19 Barb. 126; *Ozias* v. *Talman*, 1 Binn. 191; *De Witt* v. *Stanford*, 1 Root (Conn.), 270.

The averments of the complaint, that the plaintiff and defendants were partners; that all books of account of the transactions of the company are in the sole and exclusive possession of the defendants, and that they refuse to have an account of the transactions of the company taken, are sufficient to authorize the plaintiff to demand an accounting. And that is the only remedy. The averments that Rosenthal was superintendent and treasurer of the company are surplusage, and subject to be stricken out on motion. There is no misjoinder of parties defendant.

2. The objection that the complaint is ambiguous and multifarious is not well taken. It is contended that it cannot be ascertained from the complaint whether the pleader intended to make a case for a partition and sale of the smelting furnace and fixtures, or a case for an accounting between the partners. But, as before stated, the averments are proper and sufficient to authorize the plaintiff to demand an accounting, and this

whether the partnership had been formally dissolved or not; and if the complaint contains other and improper and insufficient averments as to another cause of action, this would not render the complaint ambiguous. If such other averments were improper, the most that could be said of them would be that they are surplusage, and such an imperfection in the complaint is not reached by demurrer.

Neither is the complaint multifarious. In order to support the objection of multifariousness, two things must concur: first, the different causes of action must be wholly distinct, and such as are not authorized to be united in one action under the code; and second, each cause of action as stated must be sufficient to sustain the complaint. Story's Eq. Pl. secs. 271*b*, 271, 284.

Tested by this rule, the objection of multifariousness disappears. The averments of the complaint are not sufficient to support an action for partition, or a sale of the smelting furnace and fixtures. Such an action could not be maintained until after an accounting as between the partners, and a settlement of the transactions and affairs of the partnership. One partner cannot rightfully demand a division, partition or sale of the partnership property and effects, until an account has been taken as between the partners, ascertaining and defining their respective rights.

3. We are not prepared to say that the averments as to the smelting furnace and fixtures are surplusage. They support the allegation that there was a partnership existing between these parties, and that as to the use of the furnace and fixtures while the same has been in the exclusive possession of the defendants there has never been an accounting.

The averments of the complaint are not sufficient to support an action against Rosenthal as superintendent and treasurer of the company, nor are they sufficient to support an action for the partition and sale of the smelt-

.ing furnace and fixtures; but they are sufficient to support an action for an accounting as between the partners, and therefore the demurrer should have been overruled.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*