MILES PRICE, APPELLANT, VS. M. W. DREW, APPELLEE.

1. A. and B. ship a cargo of yellow pine-piles to New York City on their joint account, upon the agreement that they would bear equally the expenses thereof, and share equally in the profits and proceeds of the shipment. A. advances to B. on account of the shipment $284, and settles a loss of $1,204 incurred in the venture. The parties are partners, and in the absence of any settlement or balance struck, or covenant to account by the partners of promise express or implied, the remedy of A. is in equity and not at law.

2. Where there is a demurrer to a plea restricted to one count in a declaration, and there are issues of fact upon other counts in the declaration, the court in giving judgment upon the demurrer, looks only to that part of the record upon which it arises, and if both the count and plea are bad in law, the judgment upon the demurrer is against the count.

3. A demurrer to a plea to the whole declaration should be sustained if there are any good counts in the declaration to which it sets up no answer in law.

4. That the matters developed in the trial are matters cognizable in equity and not at law, is a good ground to set aside the findings of a referee.

5. The limitation to an action on a contract obligation or liability not founded upon an instrument of writing, such as is set up in the *indebitatus assumpsit* counts for money paid, for money found to be due, and for money payable, in this case is three years.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*C. P. Cooper* for Appellant.

*Fleming & Daniel* for Appellee.

The first questions in their order for decision by this court are raised by the demurrer of M. W. Drew, who was the plaintiff in the court below, to the first and third pleas of Miles Price, who was the defendant in the lower court.

The declaration, as appears by the record, contains four counts.

The first count sets up a joint shipment of a cargo of piles by Drew & Price, in which they were to share in the profits and losses, and certain advances made by Drew to Price on account of the shipment, and that Drew paid the losses on the shipment; that Price is indebted to Drew for the advances made, and one half of the losses paid by Drew.

The second count is for money paid by plaintiff for defendant at his request.

The third count is for money loaned by plaintiff to defendant, and the fourth count is for money found to be due from defendant to plaintiff on accounts stated.

Defendant's *first* plea is: "That the court ought not to have or take further cognizance of the action aforesaid, because he says that the said supposed cause of action, as set forth in the first count of plaintiff's declaration, is out of the jurisdiction of this court, and is only cognizable, if at all, by a Court of Equity, which has exclusive jurisdiction of matters of partnership."

This plea is demurred to on the ground—first, that it does not tender an issue of fact

We do not deem it necessary to cite authorities to this court to sustain the elementary principles that all pleas

must set up matters of fact, or by a travers tender an issue of fact to the opposite party.

As to whether the cause of action as set up in plaintiff's first count is in or out of the jurisdiction of this court is matter of law, and should be raised by demurrer and not by plea, unless the plea itself sets up facts which show that the court has no jurisdiction, which this plea does not.

Appellant in his brief says that the question of jurisdiction may be raised either by plea or demurrer. That is true with this qualification, that it must depend upon the circumstances of the case. If the declaration on its face shows that the court is without jurisdiction, as claimed by appellant, then the question, under the rules of pleading, must, like all other matters of law, be raised by demurrer, and a plea is only necessary and proper where the *facts* must be stated *dehors* the declaration, to show that the court is without jurisdiction. And the authorities cited by appellant do not vary this rule.

The plea presents no fact upon which issue can be taken, but sets up a proposition of law that equity has exclusive jurisdiction in matters of partnership.

We are aware, however, of the rule that the demurrer to the plea reaches back to the declaration, and that the court will give judgment against the party who committed the first error.

We will, therefore, for the argument, treat the plea as a demurrer to the declaration, and examine the latter to ascertain whether it sets up a cause of action.

It will be observed that the plea now under consideration goes to the whole action, and not to any particular count of the declaration; using this language, " this court ought not to have or take further cognizance of the action aforesaid," alleging as a reason, " that the said supposed cause of action, as set forth in the first count of plaintiff's declaration, is out of the jurisdiction of the court."

It has been repeatedly held by this court that if the demurrer be to the whole declaration, and it is found to contain one good count, the judgment on the demurrer must be for the plaintiff. McKay vs. Frieble, 8 Fla., 21 ; Barbee vs. Jacksonville & A. Plank R. Co., 6 Fla., 262.

The second, third and fourth counts of the declaration in this cause are of the common counts, in the form laid down by the practice act, Chapter 1096, and as the damages laid are within the jurisdiction of the court there can be no question that the said second, third and fourth counts of the declaration are good, and the plea, which, if considered at all, can only be considered (as we have shown) as demurrer, under the authorities of this court above cited, was properly overruled. This, we think, effectually disposes of this plea.

Let us see, however, whether the first count of the declaration is good.

This sets up a shipment of piles by the plaintiff and defendant on joint account, under an agreement to bear equally the expenses and share equally in the profits and losses, that the plaintiff advanced to defendant $248 on account of the shipment, and that the expenses exceeded the amount of sales $1,204, for which amount a loss was sustained, and which plaintiff paid, that defendant became and was indebted to plaintiff for one-half of such loss, besides the said amount advanced.

We are well aware of, and do not pretend to controvert the rule, that it is peculiarly the province of equity to deal with matters of general partnership, and the reasons of the rule are that courts of law are not competent to investigate and settle between partners long partnership accounts involving numerous transactions as between themselves and third parties.

43

But it is equally well settled that there are cases where one partner can sue another at law.

In the case at bar, if the declaration shows a partnership at all, it is merely a partnership *pro hac vice*, which terminated with the one venture in which the parties were engaged, to-wit, the shipment of a cargo of piles. There is no long account stated, but simply a statement of a loss sustained on a single transaction paid by Drew, and the agreement of Price to share the same, besides the advances made by Drew to Price.

" Where persons are partners in a single transaction, one of them may, in an action of assumpsit for money paid to his use, enforce from the other contribution to a debt which he may have discharged, but to which they were jointly liable.". Gow on Partnership, §79, 3d Ed.

" It has been usual, however, to lay it down as a general rule that contribution may be obtained in an action of assumpsit by one partner against another for money laid out to the defendant's use. This position has been questioned by one learned writer, and has since been entirely abandoned by another, who in the last edition of his book has confined it to cases of partnership in particular transactions." Collyer on Partnership, 3d Am. Ed., 282.

The rule is thus laid down as between partners to a single transaction, which is precisely this case.

In Parsons on Partnership, (3d Ed.) §384, we find that partnerships formed for a single adventure or enterprise terminate when that enterprise is brought to a close, for, as stated, the articles of agreement which limit the partnership to that adventure imply that it ceases when that ceases.

It will be observed by examination of the authorities that the objection to a suit at law between partners for contribution is that it is impossible, *during the continuance*

*of the partnership,* without taking a general account, to say that any one partner so called upon to advance or pay money is on the whole a creditor of the firm to such an amount. 1 Story Equity Jur., (12th Ed.) Sec. 664 ; Story on Partnership, 278.

The court, in the declaration now under consideration, shows that the adventure in which the plaintiff and defendant had embarked had long since terminated when the suit was brought, and that plaintiff had paid the loss ; see also the date of account of sales rendered by Fairchild and attached to the declaration.

Therefore, as the quasi partnership between plaintiff and defendant had long since ceased, that relation did not exist when the suit was commenced.

When a partnership is dissolved, and upon settlement a balance is found due to one of the partners, assumpsit will be for the amount. Pope vs. Randolph, 13 Ala., 214.

The general rule is that a partner may sue at law a partner on a promise to pay a balance which has been struck and agreed upon.

The reason for this is clear and certain ; it is that all the reasons for refusing this remedy at law disappear from such a case. For in the first place, as to a settled balance, they are no longer partners. If the settlement has closed their concerns, or has followed the dissolution of the partnership, they are no longer partners at all. Story on Partnership, §278.

We do not think it necessary to set up in the count the express agreement of Price to pay Drew his share of the loss, further than the agreement to share the loss.

It is held in Massachusetts that a promise to pay is not necessary, and the suit will be maintained, although the accounts are not closed between the partners. Williams vs. Hernshaw, 11 Pick., 81.

The agreement between partners as to the amount due from one to the other on final settlement, or a balance struck, raises an implied promise to pay it, and an action is maintainable thereon. Rackstraw vs. Imber Holt, N. P., 368; Hunley vs. Loper, 8 B. & C., 16; Wray vs. Milestone, M. & W., 21; Dickison vs. Granger, 18 Pick., 327; Pope vs. Randolph, 13 Ala., 214; Spear vs. Newell, 13 Vt., 288; Ross vs. Cornell, 45 Cal., 133.

And there are numerous authorities sustaining the doctrine that the balance for which suit may be brought need not be a final or general balance of all the partnership accounts, but that it is sufficient if it embraces a settlement of particular matters. Coffee vs. Brian, 3 Bingham, 54; Brown vs. Tapscott, 6 M. & W., 119; Brinley vs. Cripps, 7 C. & P., 709; Carr vs. Smith, 5 Q. B., 128; Gibson vs. Moore, 6 N. H., 547; Clark vs. Dibble, 16 Wend., 603; Byrd vs. Fox, 8 Mo., 574.

In the case at bar the first count of the declaration shows a certain sum due from Drew to Price, under their agreement, involving but one transaction, and the reasons for the intervention of a Court of Equity in the settlement of long accounts between partners does not exist. Certainly this count does not show any such complicated and unsettled accounts, which counsel for the plaintiff in error in his brief states requires adjudication by a Court of Equity, nor does the bill of particulars show the same. As to the bill of particulars attached to the defendant's offset, the principal part of this has no connection whatever with the partnership.

We think we have shown that the first count does not set up such facts as show that the court is without jurisdiction as to the matters therein set forth.

As we have before said, certainly the second, third and fourth counts are good, and the plea which applies to the whole declaration was properly overruled.

We will defer what further we have to say on the question of the partnership until we come to discuss the exceptions of the defendant to the master's report upon the case made by the testimony, and will now take up the next question which presents itself for consideration which is raised by plaintiff's demurrer to defendant's third plea, which plea sets up the defence of the statute of limitations, alleging that the cause of action did not accrue within two years before this suit.

Was this action barred by the lapse of two years? We confess that we are unable to appreciate the logic of the argument of counsel for the plaintiff in error on this point.

It appears to us that the proper test of the question is to apply the case, as set up by the declaration, to that class of claims which is embraced in the latter part of Section 10 of the Act of Limitations, which are barred after the expiration of two years. Certainly neither the "first" nor "second" sub-division has any applicability to the case.

As to the "third" sub-division, it is a very grave question as to whether the bar of *four* years or *two* years applies; and the longer term is thought by many lawyers to apply to the whole of the third sub-division, connected, as it is, by the conjunction "and" to the last clause.

But suppose, for the sake of the argument, it is held that an action on an open account for goods, wares, and merchandise, sold and delivered, is barred at the expiration of two years, is there any count in the declaration setting up such a claim? A glance at the declaration is sufficient to answer this question in the negative. When, as we have seen, as this plea goes to the whole declaration, if it contains a single count to which the plea did not set up a defence, the plea was properly overruled. And to follow counsel for the plaintiff in error in all the refinement of his argument it is impossible to arrive at the conclusion that

the declaration in any way, shape or form sets up " an action on an open account for goods, wares and merchandise sold and delivered."

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is an action of assumpsit brought by Drew against Price. The declaration contained several counts. The last four were for money payable by the defendant to the plaintiff, for money paid by the plaintiff for the defendant at his request, for money paid by the plaintiff to the defendant, and for money found to be due upon an account stated. To these counts in the declaration the plea of never was indebted was interposed, and there was issue thereon. The defendant also plead the statute of limitations of two years, and a special plea of set-off of an amount alleged to be equal to the plaintiff's claim and due him by plaintiff for the purchase-money of piles and timber furnished by him to plaintiff at his request. To this plea plaintiff replied that he never was indebted; and to the plea of the statute of limitation he interposed a demurrer, which was sustained. The first count in the declaration was as follows:

" For that the plaintiff and defendant shipped a cargo of yellow pine piles to New York City on their joint account upon the agreement that they would bear equally the expenses thereof and share equally in the profits, proceeds of said shipment of piles.

" That the plaintiff advanced to the defendant on account of such shipment the sum of two hundred and eighty-four dollars; that the expenses on said shipment of piles exceeded the amount of the sale thereof by the sum of one thousand two hundred and four dollars, for which amount a loss was sustained on said shipment of piles which the plaintiff paid, and the defendant thereupon became, and

was, and is, liable and indebted to the plaintiff for one-half of said loss besides the amount advanced to him as aforesaid, and no part of the same has been paid."

To this count the defendant filed the following plea:

"That this court ought not to have or take further cognizance of the action aforesaid, because he says that the said supposed cause of action, as set forth in the first count of plaintiff's declaration, is out of the jurisdiction of this court, and is only cognizable, if at all, in a court of equity, which has exclusive jurisdiction in a matter of partnership."

In one branch of the argument by the appellee and plaintiff it is insisted that the plea is to the whole action. The commencement here is not applicable to a plea to a distinct count to the declaration, but the body of the plea, looking to the issues of law and fact made upon the other counts of the declaration, shows that it is applicable to the first count alone. It is therefore to be considered in the light of a plea going to the first count only, and to no other. To this plea the plaintiff interposed a demurrer, the grounds of which were that it did not tender an issue of fact; that it did not set up facts which show that a partnership existed.

This demurrer was sustained. This action is one of the errors here assigned. The questions of law arising upon this demurrer are the most important, are really the controlling questions in this case, and we therefore consider them first. This demurrer reaches the first count in the declaration, and if it be that it does not set up a cause of action for which assumpsit can be maintained, it is immaterial how defective the plea is. Before discussing the matter of the first count in the declaration we will say, however, that the usual and proper method of raising the question here raised is by demurrer. By way of plea to

simply set up facts stated in the declaration and deny their sufficiency in law, whether such plea be in form in abatement to the jurisdiction or in bar of the action, is not correct. Again, as to the matter of this plea, or rather the matter attempted to be set up by it, that this count was for the recovery of a sum of money arising out of partnership relations and by the plaintiff alleged to be due and that there had been no settlement of accounts by the partners or final balance struck, or expressed or implied promise to pay any such alleged balance, it has been held that this is not the subject of a plea in abatement to the jurisdiction, but rather of a plea in bar to the action. (2 Harris and Gill, 135.; Evans on Pldg., 16.) Such cases, in the opinion of that court, are not merely out of the jurisdiction of a particular court, but are without remedy by the course of the common law, and present a case where there is no legal cause of action in the same manner as if there was a general release of right of action before suit brought. This is the view of the court in Maryland in the case cited. See, however, upon this subject the remarks of Lord Thurlow in Nabob of the Carnatic vs. East India Company, 1 Ves. Jr., 388.

But however this may be, if the first count is not good then the judgment upon this demurrer must have been against it. This count sets up, first, that the plaintiff and defendant shipped a cargo of yellow pine piles to New York City on their joint account upon the agreement that they would bear equally the expenses thereof and share equally in the profits and proceeds. As to this shipment they were therefore partners. The plaintiff then alleges that he advanced to the defendant on account of the shipment two hundred and eighty-four dollars; that the expenses incurred exceeded the proceeds of the sales one thousand two hundred and four dollars; that for that

amount a loss was sustained ; that the plaintiff paid it, and that the defendant thereupon became liable and indebted, &c.

Assumpsit is based upon a promise, express or implied. There is here no allegation of any settlement of the accounts connected with the shipment by the partners, no allegation of a final balance struck between them, and no allegation from which any promise, express or implied, by the defendant to pay the *particular sums* claimed as due arises. The claim is also for one-half of two sums due, one of two hundred and eighty-four dollars advanced to defendant on account of the shipment on partnership, and the other for a balance claimed to be due as a balance, ascertained by plaintiff to be one-half of the difference between the expenses and proceeds of sales. Can the plaintiff maintain an action at law for these sums ? We think not. This being a partnership, and there having been no settlement by the partners and no allegation of a balance struck, there is nothing to raise a promise, express or implied, by one partner to pay to the other any particular sum. An adjustment of the accounts, either as to advances or profits and losses, by one partner cannot be held to be an adjustment by the other in the absence of authority from the other, and this is true in the very nature of things, whether the partnership be for a single shipment or " transaction," or a partnership of a general character. Again, under this count it cannot be said that either partner is the creditor of the other. The accounts of each are with the partnership, each of the partners compose it, and neither of them can at law sue, because such a suit would be equivalent to suing himself. Until these accounts are adjusted, what one partner may owe the firm is not a debt due to the copartner, nor is the indebtedness of the firm to one of the members a debt due from the other members to him. See the remarks of

Lord Cottenham in Richardson vs. The Bank of England, 4 My. & Cr., 165.

What say the books on this subject? In 1 Chitty's Pleading, (11th Ed.) 45, where, with 2 Chitty, 213, we find the most complete collection of cases on the subject, it is said : " In the case of a partnership, whether it be a general or a particular partnership, one partner cannot at law recover his share of money received by the other on account of the firm, unless on a final balance of all accounts a particular sum be found due to one partner which the other expressly promises to pay, or unless there be an express covenant to account." The earlier cases in 2 T. R., 478.; 2 Bing., 170 ; 3 Bing., 55.; 6 B. & C., 149 ; Holt's N. P. Cases, 368, are cited to the text, and upon examination some of them sustained the doctrine as announced, and others do not. The case in Holt holds that upon a settlement and balance found an implied promise arises. The case in 2 Bingham, however, repudiates this doctrine, expressly referring to the case in Holt as a *nisi prius* case, and holds that an express promise is necessary. (P. A., 6 B. & C., 79.) The case in 2 Tenn. R. inclines to that view. In the case in 6 B. & C. there was no account settled. The later rule in England, and which is now treated as the settled doctrine in that country, and in many if not in most of the States of the Union, is that if partners finally balance all their accounts and a certain sum be found to be due to one of them thereon, the partner against whom the balance is struck may be sued at law to recover the amount, without there having been any express promise on his part to pay the same. (Wray vs. Milestone, 5 Ex., 21 ; 1 Bin., 191 ; 71 Penn. State, 180; 50 Mo., 121 ; 43 Conn., 66.) In New York and Illinois an express promise seems to be required. (16 John., 322; 17 John., 84 ; 1 Wend., 534 ; 2 Scam., 498; 11 Ill., 154; 60 Ill., 561.) In Massachusetts, contrary

to the rule in any other State, so far as we have, after careful examination, been able to ascertain, it is held that assumpsit will lie to recover a final balance of a partnership account, and that this extends to all cases in which the rendition of the judgment will be an entire termination of the partnership transactions, so that no further cause of action can grow out of them." In that State it is not deemed necessary that there should have been a settlement by the partners or final balance struck. (11 Pick., 81; 111 Mass., 249.) It is admitted, however, that this is contrary to the rule at common law and the rule prevailing in other States. A strong reason for asserting this rule is that there were no Courts of Equity in that State, and we presume this had great weight in establishing the doctrine. In this State we have Courts of Equity, and we must follow the rule as announced by the English and American courts.

But it is said that the present case is that of a particular adventure, and not of a general partnership for commercial purposes. This is true, but we do not think as applicable to this case the rule is varied.

The case of Beville, *et al.*, vs. Hammond, 6 Bar. & Cress., 79, was a case where two persons undertook to procure a cargo for a vessel for a certain commission, and the rule was applied to it, Abbott, C. J., remarking: " It is a general rule that between partners, whether they are so in general or for a particular transaction only, no account can be taken at law. These parties have never settled any account between themselves, and the only ground on which this case is distinguishable from former decisions is that all the moneys have been received and paid by one partner. That certainly makes an account between them less necessary, but if we therefore held this action to be maintainable, I think we should be breaking down a general rule and introducing nice distinctions which it is much better to

avoid." The case of Leidy vs. Messinger, 71 Penn. State, they, as partners, purchased for $1,000 one share of the stock of an unincorporated oil company. Messinger paid $500 in cash and Leidy gave his note for $500, which was passed in payment for the purchase-money of the land of the company, placed by the vendor in the hands of counsel for collection, and was unpaid. The company became insolvent, and it was held that Messinger in assumpsit could not recover from Leidy the one-half of cash paid by him, and that Leidy's liability to Messinger resulted from the partnership relation, and Messinger could not recover until there was a settlement of their accounts and balance struck. The case of Sprout vs. Crowley, 30 Wis., 187, was the case of a "joint adventure." The court remarked that: " In the absence of fraud or express agreement, or other circumstances rendering the case exceptional, one partner has no claim against his copartner individually on account of partnership transactions until a final settlement of the partnership affairs, although such settlement would show a balance in favor of the former, and until such final settlement the general rule is that the firm and not the individual partner is the debtor."

But it is insisted that this is the case of a partnership in a " single transaction," and that one of the partners may, in an action of assumpsit for money paid to his use, enforce from the other contribution towards a debt which he may have discharged but to which they were jointly liable. This is the text of Gow on Partnership, §79. This writer, in support of this proposition, cites 8 T. R., 186, and 2 Bing., 132. The case in 8 T. R. was that of a judgment in tort against two defendants where there was a levy of the whole damages on one. This one sued for a contribution from the other. Lord Kenyon said that he had never before heard of such an action where the judgment was for

a tort, and that it would be otherwise if the judgment had been in assumpsit. No one, certainly, can see any partnership in a single transaction or otherwise in this case. There is no contribution in tort. Each tort feasor is liable for the whole without right of contribution. Unquestionably where there is a judgment in assumpsit against two and one pays the entire amount, he is entitled to contribution. This is all that is here said or decided. The case in 2 Bing., 132, was not a case of an action between partners. The action was by Evans against Yeatherd. The defence was that Yeatherd was in partnership with Follett, and that the articles sold were delivered to him on the joint account of Yeatherd and Follett, and that they had been paid for by remitting a debt due from the vendor, who brought the action to the firm of Y. & F. The court held that because, either at law or in equity, Yeatherd would be entitled to contribution from Follett, he, F., was an interested witness. I cannot see how this case sustains the text, so far as it concerns partners in a joint adventure, if that is what it means. The other case cited from 2 Black., 917, I have not been able to examine.

The present case, however, is not the one stated in the text where contribution is sought for a joint debt paid by one of two joint debtors who may be partners with reference to that debt alone.

In speaking of the cases cited by Gow in the second edition of his work to sustain his proposition, there somewhat modified, and of others of like character, Parsons, in his work on Partnership, says : " These cases seem to be very far from establishing the proposition for which they are cited, which is that through an action of assumpsit for money paid to his use one partner may enforce contribution from the other in a case where they were partners in a single transaction. In some of them are to be found *dicta* of

Judges asserting the general right of contribution between joint defendants." (This is the case in 8 T. R., as we have seen.) "In some contribution is actually enforced, but between persons who are not partners but simply joint contractors or otherwise jointly connected, while in the others (2 Bing., 132,) the question before the court is the competency of a witness, his competency depending upon his liability to contribute, *either in law or in equity*, to a demand which his testimony establishes. The distinction, if any, which these cases suggest, is one between persons who are simply joint contractors and between those who hold to each other the closer relation of partners; that is, it is between parties who are partners and those who are not, and not between different kinds of partners." See as to this difference, 5 Gray, 463, 468.

There is another class of cases which may be called the "single item" cases. (5 Wend., 274; 1 Stark., 78; 16 Wend., 603; 4 Burr., 283; 6 N. H., 551. See citations in Parsons on Part., 3d Ed., note, page 309.) These are principally cases where there has been some special transaction in reference to the partnership in which a balance has been admitted to be due by one partner to the other and a promise to pay, before any final winding up of the partnership. 16 Wend., 601; 4 Burr., 281; 6 N. H., 547.

The case of Robson vs. Curtis, which is usually cited in this connection, and upon which most of the American cases are founded, is rather in conflict with the cases just mentioned. In that case A., receiving a bill of exchange in payment for part of a lot of cattle jointly purchased by himself and B., endorsed the bill to B., B. endorses it over, and the bill being dishonored, *B. promised* to pay A. half of the amount if he would take it up. A. paid it, brought his action and was non-suited, because a part of the cattle jointly purchased remained over. But however this may

be, the case here is not one which, in any sense, or within the principles established by any of these cases, can be called a single item case. The count in the declaration claims a balance on account of advances to the partnership by the plaintiff for his partner, and a balance due for losses paid by him in the matter of the joint venture, as shown by an account of the sales and expenses.

Our conclusion, upon an examination of the facts set up in this count, is that it fails to set up any legal cause of action in that no settlement by the parties is alleged. There is no promise, express or implied, to pay any sum. What is alleged shows that the plaintiff, certainly to the extent of the losses, is a creditor of the partnership and not of his partner. The advances made being on account of the shipment would seem to be an advance by the partnership through him to his co-partner, and as to this, therefore, the defendant is the debtor of the partnership and not of the plaintiff. It is said that the partnership is dissolved. That may be true in a general sense, but the rights of the partners still exist for the purposes of adjusting their accounts, and they must seek the forum appropriate to such relief.

The demurrer to the plea to the first count in the declaration should have been overruled.

The next question here raised is that arising upon the demurrer to the plea of the statute of limitations of two years. We think this not a good plea to the indebitatus count in the declaration for money paid, &c., for, so far as it is concerned, the action is upon a contract, obligation or liability, not founded upon an instrument of writing, and the limitation in such case is three years. The demurrer to this plea should therefore have been sustained.

Without going into an elaborate statement of the facts appearing upon the testimony, we will simply state that after careful examination we find merit in the case, and

that Price should in equity settle this matter upon the basis of partnership dealings, but we do not find a case from which a promise, express or implied, arises to pay any balance, or to pay any money, upon which an action of assumpsit will lie. As to the statute of limitations applicable to the case made in the first count of this declaration, we will say that it is neither an action for goods, wares and merchandise, nor for any article charged in a store account, within the meaning of the statute. What the limitation is to his equitable right to have an account of the matters of the partnership and decree for any balance to be found due, is a question which a court of equity, not this court, must determine. As to the present action we think it proper to say, however, for it relates to the nature of this action viewed in reference to the statute of limitations, that it is, in our opinion, clearly an action within the meaning of the first clause of the Sixteenth Section of the Statute of Limitations, Chapter 1869, Laws.

Judgment reversed, and case remanded with directions to set aside the finding, and for further proceedings conformable to law and consistent with this opinion.