[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE NOTICE OF LIS PENDENS
Before the court is a motion to discharge a notice of us pendens on 70 Hat Shop Hill Road in Bridgewater, Connecticut. The plaintiff in the underlying lawsuit is Nelson Barber. The defendant is his former wife, Suzanne Barber. On February 5, 1992, the couple dissolved their marriage, but they reconciled shortly thereafter and began living together again as an unmarried couple. Sometime in 1998, the parties again separated, leading to this lawsuit. During the time the parties lived together between the dissolution of their marriage and their final separation, they purchased many valuable items of real and personal property, including the property located at 70 Hat Shop Hill Road. Also during that time period, the plaintiff quitclaimed his interest in 70 Hat Shop Hill Road to the defendant.
The complaint in this action is dated June 13, 2000, and the plaintiff CT Page 4558 filed the notice of lis pendens on the same day. Service of process was made on June 25, 2000, and the lawsuit was filed with the court on July 5, 2000. The defendant filed an answer, special defenses and counterclaims on December 21, 2000, and, on April 11, 2001, she filed a motion to discharge the notice of lis pendens. This court conducted a hearing regarding the motion to discharge the lis pendens on June 18, 2001. The plaintiff filed a memorandum of law in opposition to the motion on June 28, 2001, and the defendant filed a memorandum of law in support on July 16, 2001.
"As General Statutes § 52-325 (a) provides, the purpose of notice of lis pendens is to bind any subsequent purchaser or encumbrancer as if he were made a party to the action described in the lis pendens. A notice of lis pendens ensures that the litigant's claim cannot be defeated by a prejudgment transfer of the property. . . . The lis pendens procedure provides security for payment of the claim pending final resolution of the case." (Brackets omitted; internal quotation marks omitted.) Corsino v.Telesca, 32 Conn. App. 627, 632-33, 630 A.2d 154, cert. denied,227 Conn. 931, 632 A.2d 703 (1993).
After receiving a motion for discharge of a notice of lis pendens, the court is required to conduct a probable cause hearing pursuant to General Statutes § 52-325a. The purpose of the hearing is to determine whether there is probable cause to sustain the validity of the underlying claim. General Statutes § 52-325b. At the hearing, the plaintiff caries the burden of proof to establish probable cause. General Statutes § 52-325b. Thus, the plaintiff must prove that there is "a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common sense standard" (Citations omitted; emphasis omitted.)Dufraine v. Commission on Human Rights Opportunities, 236 Conn. 250,261, 673 A.2d 101 (1996) "[A] probable cause hearing is not a trial on the merits, nor is it intended as such. The plaintiff need not establish his claim by a preponderance of the evidence. The court, while not making a final decision on the merits, weighs the testimony given and the documentary proof presented. The trial court's duty is to weigh the probabilities based on the facts and to exercise its broad discretion in determining whether there is probable cause to sustain the lis pendens."Sanstrom v. Strickland, 11 Conn. App. 211, 212, 525 A.2d 989 (1987)
In his complaint, the plaintiff alleges the following: "1. On February 5, 1992, the marriage between the plaintiff and defendant was dissolved. 2. Shortly after said dissolution of marriage, the plaintiff and the defendant reconciled and began to live together as partners and held themselves out to be husband and wife. 3. During the period aforesaid in CT Page 4559 paragraph two (2) the plaintiff and the defendant acquired substantial interest in both real and personal property including, without limitation, the real property located at 70 Hat Shop Hill Road, Bridgewater, Connecticut. 4. A portion of the property aforesaid in paragraph three (3) is legally titled in the name of the plaintiff and a portion is legally titled in the name of the defendant, but both the plaintiff and the defendant claim beneficial interest as partners in and to all the aforesaid properties including specifically the property at 70 Hat Shop Hill Road, Bridgewater, Connecticut." In his prayer for relief, the plaintiff seeks: "1. A judgment of the court ascertaining the respective interest of the plaintiff and defendant to the premises aforementioned. 2. Damages. 3. Such other relief as in law and equity may pertain."
In her memorandum of law, the defendant argues that the notice of lis pendens should be discharged because the notice [ails to state the nature of the underlying action with adequate specificity, that the underlying action does not affect an interest in real property as required by General Statutes § 52-325, that the doctrine of estoppel by deed bars the platntiff's claim to the 70 Hat Shop Hill Road property and that the court does not have subject matter jurisdiction over this action because the plaintiff failed to allege that an accounting has taken place.
The court will first address the defendant's challenge to its subject matter jurisdiction. "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396 (1998). "[O]nce the lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Fiqueroa v. CS Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
The defendant argues that the plaintiff's failure to plead that an accounting has taken place deprives the court of subject matter jurisdiction, because, according to the plaintiff, an accounting is a condition precedent to an action among partners. The defendant cites several Supreme Court cases holding that an accounting must take place before a plaintiff may maintain a cause of action arising from a partnership. See Cole v. Fowler, 68 Conn. 450, 457, 36 A. 807 (1896);Bishop v. Bishop, 45 Conn. 232, 234, 6 A. 426 (1886); Mickle v. Peet,43 Conn. 65, 66 (1875); Dewit v. Staniford, 1 Root 270, 271 (1791). Our appellate courts have not addressed this issue since these cases, however, and more recent Superior Court cases have unanimously distinguished these ancient cases and held otherwise. See Froelich v.Froelich, Superior Court, judicial district of Danbury, Docket No. 317265 CT Page 4560 (April 11, 1996, Moraghan, J.); Canton West Associates v. Miller,44 Conn. Sup. 321, 688 A.2d 1360 (1995); Rothstein v. Rosenblit, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 543126 (April 24, 1995, Wagner, J.) (14 Conn.L.Rptr. 234, 235);Mazzella v. Lathouris, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 109337 (July 26, 1991, Ryan,J.).
In both Mazzella and Rothstein, the courts had motions to strike before them, rather than challenges to subject matter jurisdiction. InMazzella, the court held that an action for an accounting can be brought in the same suit as an action for breach of fiduciary duty. Mazzella v.Lathouris, supra, Superior court, Docket No. 109337. In Rothstein, the court adopted the reasoning set forth in Mazzella, and denied a motion to strike counts sounding in breach of fiduciary duty and breach of partnership where an accounting had not been alleged. Rothstein v.Rosenblit, supra, 14 Conn.L.Rptr. 235.
Moreover, "[t]he Connecticut courts have held . . . that where there are no complex and multifarious partnership transactions, an accounting is not a precondition to partners suing each other." Canton WestAssociates v. Miller, supra, 44 Conn. Sup. 325. Here, the allegations in the complaint are not complicated. In fact, but for the fact that the parties are not married, this case is no more complicated than an ordinary dissolution of marriage.
Finally, in Froelich, as here, the defendant maintained that failure to first bring an accounting action implicated the court's subject matter jurisdiction. The court noted that the defendant cited no case in which the court concluded that failure to plead an accounting implicated subject matter jurisdiction, and the court concluded that such a failure did not deprive the court of jurisdiction. Froelich v. Froelich, supra, Superior court, Docket No. 317265. The defendant in the present case has Likewise failed to cite a case in which failure to plead an accounting deprives the court of subject matter jurisdiction. accordingly, the court concludes that it maintains subject matter jurisdiction over this action.
The court will now turn its attention to the defendant's arguments regarding the discharge of the notice of lis pendens. the defendant first argues that the notice of lis pendens should be discharged because it fails to state the nature of the underlying action with adequate specificity. Neither party has provided the court with a copy of the notice of lis pendens. Accordingly, the court will not address this argument. CT Page 4561
Next the defendant argues that the underlying action does not affect an interest in real property as required by General Statutes § 52-325. The court agrees. The plaintiff's sole claim in his one count complaint is that a partnership exists between himself and the defendant. As such, resolution of this issue turns on the relevant statutory partnership law. In this case the alleged partnership arose in 1991 or 1992, and, pursuant to General Statutes § 34-398, it is governed by the Uniform Partnership Act, General Statutes (Rev. to 1997) §§ 34-39 to 34-81, now codified at General Statutes § 34-300 et. seq. "A partnership is an association of two or more persons to carry on as co-owners a business for profit. . . ." General Statutes (Rev, to 1997) § 34-44 (1). "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." General Statutes (Rev. to 1997) § 34-64.
"[General Statutes §] 52-325 (a) allows a party to place a notice of lis pendens on the land records when `the action is intended to affect real property.' Section 52-325 (b) specifies that in order for an action to affect real property, its purpose or outcome must determine the rights of the parties in or to the particular real property, or it must establish or enforce previously acquired interests in it." Wheeler v.Polasek, 21 Conn. App. 32, 33-34, 571 A.2d 129 (1990).
In the present case, as in Wheeler, "[a]lthough the plaintiff claims that he has a realty interest in the partnership's property and a consequent right to secure that interest with a notice of lis pendens, his claim must fail. As specified by the Uniform Partnership Act, a partnership interest is personal property; General Statutes [(Rev. To 1997)] § 34-64; and the partnership realty is considered personalty with respect to any individual partner's rights therein. . . . It is axiomatic, therefore, that none of the plaintiff's claims affects the real property of the partnership within the meaning of § 52-325." (Citations omitted.) Id., 34. Because the plaintiff's only claim sounds in partnership, his interest is deemed to be personal property, and thus not an interest affecting real property. Accordingly, the motion to discharge the notice of lis pendens regarding 70 Hat Shop Hill Road in Bridgewater must be granted.
The defendant also argues that because the plaintiff quitclaimed 70 Hat Shop Hill Road to her, he is estopped by the deed from claiming an interest in the property. Because the court has concluded that the lis pendens must be discharged because it does not affect real property within the meaning of General Statutes § 52-325, the court need not address this argument.
 CONCLUSION
CT Page 4562
For the foregoing reasons, the court concludes that it has jurisdiction over this matter, and hereby grants the motion to discharge the plaintiff's notice of lis pendens regarding 70 Hat Shop Hill Road in Bridgewater, Connecticut.
____________________ HOLDEN, J.