LEVI COLLINS, Assignee of the estate and effects of DANIEL SAMPSON and JAMES FOSTER, Bankrupts, *against* ELEAZER W. PHELPS.

*Indebitatus assumpsit for money had and received ad computandum* cannot be sustained, unless the defendant expressly promise to pay a particular sum.

THIS was an action of *assumpsit*. The declaration was in substance as follows:

That the defendant on the 20th of *July* was justly and truly indebted to the plaintiff, as assignee of *Sampson* and *Foster*, in the sum of seven hundred dollars, for so much money before that time and since the bankruptcy had and received to and for the use of the plaintiff, as assignee; for that *Sampson* and *Foster* since their bankruptcy delivered to the defendant certain books of accounts, notes and receipts, in their favour, and authorized the defendant to receive the moneys due on the same to the use of the plaintiff, as assignee; that the defendant had received and collected seven hundred dollars, the avails and proceeds of said books, notes and receipts, for the use and benefit of the plaintiff, as assignee; that the defendant became liable to pay that sum to the plaintiff, and being so liable, assumed and promised, &c.

The general issue being pleaded, and the case being on trial to the jury,

*Goodrich*, for the defendant, objected to the admission of any evidence, under this declaration, on two grounds:

1. Because an action of account only can be sustained on these facts.(*a*)

(*a*) A case in *Salkeld* was mentioned from the bench as applicable to this point. *Poulter* v. *Cornwall*, 1 *Salk.* 9. was probably the case alluded to. That was an action of *indebitatus assumpsit* for money had

2. Because the declaration contains no sufficient description of the property. It is so loose that we cannot be compelled to answer to it.

*Edwards*, for the plaintiff.

1. We have not described the defendant as an attorney, nor averred that the moneys were received by him in that capacity. That we may have another action is no reason why we may not maintain this. For the sums collected on book, however, we must bring *assumpsit;* we cannot bring trover. Nor, indeed, can we bring account; for the defendant was never *our* bailiff and receiver.

2. We cannot particularly describe the notes and accounts. We expect to prove that the defendant has received a specific sum, which he has not paid over.

BRAINERD, J. The question is, whether, from the facts disclosed in the declaration, it appears that an ac-

and received *ad computandum.* On a motion in arrest, after verdict, it was contended that that action did not lie, but account; for if a man receives money to a special purpose, as to account, or to merchandise, it is not to be demanded of the party as a duty, till he has neglected or refused to apply it according to the trust under which he received it. And the declaration must show a misapplication, or breach of trust. The court, however, held, that the verdict had aided the declaration; for, say they, it must be intended that there was proof to the jury that the defendant refused to account, or had done somewhat else that rendered him an absolute debtor. This clearly implies, that the declaration would be ill on demurrer; and since the decision in *Rushton v. Aspinall, Doug.* 679. I apprehend it would be held to be so after verdict. As it was not stated in the declaration that the defendant had refused to account, or that he had done any act which rendered him an absolute debtor; and as these were not circumstances necessary to any of the facts charged; it was not requisite for the plaintiff to prove them, and, consequently, not to be presumed, from the verdict, that he had proved them.

Feb. 1807.

tion of account ought to be brought? These facts necessarily imply that the defendant has an interest; and the proper action is account.

TRUMBULL, J. This action is brought expressly for 700 dollars. If the defendant disclaims all charges, all hires; if he has had this sum clear of all claims, perhaps such evidence is admissible under this declaration.

SWIFT, Pr. J. I should think *assumpsit* in this case would lie; but the opinion of the court is, that you can prove nothing but an express promise.

The plaintiff's counsel then offered in evidence an endorsement made by the defendant on a note from *Sampson* and *Foster* to him in these words: " *January*, 11, 1803. Received in goods, book debts, and money, six hundred and thirty dollars in part of this note.

" *E. W. Phelps.* "

This evidence being objected to,

THE COURT ruled it inadmissible.

The plaintiff, failing in any further proof, was

Nonsuited.