*Hartford,*
*June, 1818.*

Bishop
*v.*
Dexter.

----------

## BEACH *against* W. S. and S. HOTCHKISS.

THIS was an action of *indebitatus assumpsit* for money had and received.

The cause was tried at *New-Haven,* at an adjourned term in *April* 1818, before *Swift,* Ch. J. and *Baldwin* and *Goddard,* Js.

The plaintiff, the defendants, *Gad Peck* and *Goodrich & Deforest,* on the 30th of *July* 1813, were the joint owners, in equal proportions, of a quantity of corn meal, and other articles suitable for the *West-India* market, of the value of 3,200 dollars. By the consent of all concerned, the whole of this property was put into the hands of the defendants, and was, by them, in the month of *August* 1813, shipped to *St. Bartholomew,* consigned to Mr. *Winfield,* a merchant of that island, by whom it was received, sold and disposed of, and

An action of *assumpsit* will not lie, between partners, for a balance due upon their partnership-account, unless the account has been previously liquidated, and a balance struck.

Where *A., B., C.* and *D.* were jointly concerned, in equal proportions, in a mercantile

adventure of which *A.* had the sole management, and *A.* afterwards paid to *B.* a certain sum as his share; it was held, in an action brought by *C.* for his share, that such payment to *B.* was not equivalent to a liquidation of the partnership-account, nor did it prove that the same sum had been ascertained as the balance due to each of the concerned.

No action at law will lie for the settlement of a partnership-account, where the number of partners exceeds two; the only remedy, in such case, being by bill in chancery.

the proceeds vested in *West-India* produce, which was, immediately afterwards, shipped and consigned to the defendants. After being seized on its arrival in the *United States,* by the officers of the customs, for an alleged breach of the non-intercourse laws, it was restored, and delivered to the defendants, who proceeded to sell it, and received the avails thereof. The plaintiff claimed, that his proportion of the avails amounted to 1803 dollars; and that sum the defendants had actually paid to *Gad Peck* for his share; all the rest of the avails remaining in the defendants' hands. Upon these facts the plaintiff contended, that he was entitled to recover his said share, in this action. The defendants contended, that this action could not be sustained; but that the plaintiff's only remedy, if he had any, was by action of account, or bill in chancery; and that the court ought so to charge the jury. The court charged the jury, that the action was sustainable; and the plaintiff accordingly obtained a verdict. The defendants moved for a new trial, on the ground of a mis-direction; which motion was reserved in the usual manner.

*N. Smith* and *Denison,* in support of the motion, remarked that the persons concerned in this adventure were, *quoad hoc,* copartners; and contended, that this action will not lie in favour of one partner against his copartner, for any claim arising out of the business of the copartnership, unless there has been a balance struck and agreed upon. 1 *Chitt. Plead.* 26. *Ozeas* v. *Johnson,* 1 *Binn.* 191. S. C. 4 *Dall.* 434. *Niven* v. *Spickerman & al.* 12 *Johns. Rep.* 401. *Casey & al.* v. *Brush & al.* 2 *Caines* 293. *De Witt* v. *Staniford,* 1 *Root* 270. *Whitman* v. *Wadsworth,* 2 *Root* 267. Money received by one partner, is not " had and received" for the use of any other partner alone, but for the use of all. If there be two partners only, one of them may bring an action of account against the other; but if there be more than two, a bill in chancery is necessary, in order to settle the concerns of the company in one suit. In all cases where property is received to sell and merchandize with for another, the remedy is in one of these forms. A jury is not the proper forum to adjust and settle such concerns. *Wilkins* v. *Wilkins,* 1 *Show.* 71. S. C. *Carth.* 89. *Spurraway* v. *Rogers,* 12 *Mod.* 517. *Hartup* v. *Wardlove,* 2 *Show.* 301. *Assumpsit* may be brought on *a promise to account,* for a breach of

that promise; but in that case, the court will not permit the jury to enquire into the state of the accounts between the parties, but will confine them to the damages sustained by the breach of the promise. *Carth.* 89. *Bull. N. P.* 147, 8. 1 *Bac. Abr.* 37. The present defendants have made no promise to the plaintiff to account; much less to pay him a specific sum. The plaintiff's share of the adventure has never been ascertained. The rights of these parties are not to be concluded by any settlement with *Gad Peck.*

*Staples,* contra, remarked, that the amount of the plaintiff's share must now be considered as ascertained and settled. The plaintiff claimed, that it was 1803 dollars; and adduced evidence to support his claim. It was in view of this fact, supposing it, for the purpose of the charge, to be proved to the satisfaction of the jury, (of which they were eventually to be the judges,) that the court told them the action was sustainable. If the jury had found the fact otherwise, they would, of course, have given a verdict for the defendants.

As all the partners had an equal interest in this concern, and the business was brought to a close, it was necessary only to ascertain the share of one, in order to effect a complete adjustment. The case, then, stands on the footing of *an account settled,* and *a balance struck.* There is no longer occasion for the interposition of chancery. The confidence, which the law presumes between partners, and which is the foundation of the action of account, is at an end. He referred to *Wetmore & al.* v. *Baker & al.* 9 *Johns. Rep.* 307. *Wilkinson* v. *Frasier,* 4 *Esp.* 182. *Brigham* v. *Eveleth,* 9 *Mass. Rep.* 538. and commented on most of the cases cited on the other side.

Swift, Ch. J. In this case, it appears, that the plaintiff, the defendants, *Gad Peck* and *Goodrich & Deforest* were the joint owners of certain property, which they delivered to the defendants, as their agents, to be shipped to the *West-Indies,* to sell the same, and pay over the nett proceeds to the respective owners. This was a limited copartnership; and as there were more than two partners, the only remedy is a bill in equity, where the accounts of all can be properly adjusted; and no action at law will lie in favour of either of the partners, against the defendants, as their agents, to recover their pro-

portion of the nett proceeds, until the accounts have been settled by the parties, and the balance due to each ascertained. The payment of a certain sum to *Gad Peck,* as his share, is not equivalent to a settlement of the accounts ; and is no evidence that the same sum had been ascertained as the balance due to each of the concerned.

HOSMER, J.   The parties to this action, with three other persons, were jointly interested in a voyage.   In this transaction they were co-partners.   The avails came into the hands of the defendants, who stated the account, ascertained the balances due to each person concerned, and actually paid one of them his share.   The plaintiff has brought an action of *assumpsit* to recover the sum due to him.   This suit cannot be sustained.   Between co-partners, the action must be account, unless there has been a settlement between them, and a balance struck, or an express promise to pay. *Wetmore* v. *Baker & al.* 9 *Johns. Rep.* 307.   *Ozeas* v. *Johnson,* 1 *Binn.* 191.   S. C. 4 *Dall.* 434.   *Smith* v. *Barrow,* 2 *Term Rep.* 478, by *Buller,* J.   *Moravia* v. *Levy,* 2 *Term Rep.* 483. *in nota.   Hartup* v. *Wardlove,* 2 *Show.* 308.   *Dewitt* v. *Staniford,* 1 *Root* 270.   *Whitman* v. *Wadsworth,* 2 *Root* 267.   *Casey & al.* v. *Brush & al.* 2 *Caines* 293.   *Niven* v. *Spickerman & al.* 12 *Johns. Rep.* 402.   *Murray* v. *Bogert & al.* 14 *Johns. Rep.* 322.   *Collins* v. *Phelps,* 3 *Day* 506.   It cannot, with any propriety, be argued, that the balance, in this case, has been ascertained and struck between the parties.   The payment to *Peck* of a share, supposed to belong to him, is no evidence of a promise, that the defendant would pay the sum he had considered as due to the plaintiff.   The settlement, if there was one, must have been obligatory on the plaintiff ; but of this there is no pretence. No act has taken place, which precludes the defendant from insisting, that the statement made by him was founded in mistake ; and that it is of no effect, because it cannot bind the plaintiff, and therefore, obliges neither party.   I do not assert there is an absolute necessity, that the account should be signed, to render it a stated account ; but, at least, there must be something equivalent.   Perhaps, if the defendant had made out copies of the account as stated by him, and having been delivered by the parties, they had long retained them, without manifesting any objection, this might have amounted to

a sufficient adjustment. *Willes* v. *Jernegan*, 2 *Atk.* 252. But, in this case, no such fact exists. When the case is critically examined, it presents this result: that originally, the transaction authorized an action of account only; and that no settlement has been had; no balance struck; no promise made.

Courts, by reason of a mode of practice, which rendered the action of account tedious and expensive, have greatly leaned against it. The difficulty, however, was not intrinsic, but adventitious. The evils predicated of this action, have been surmounted, by the simplicity of our practice; and it is neither more objectionable, on the ground of expense, or protracted litigation, than any other action. Between co-partners and tenants in common, it is, for the most part, the only suit in which justice can be administered. The parties are admitted to their oaths; and this is often indispensable to the fair adjustment of their accounts. For the examination of a long and intricate account, a jury is a tribunal very incompetent. For these reasons it is, that co-partners have right to the appointment of auditors, before whom they can produce their accounts and vouchers, be heard on oath, and be indulged with a minute and patient examination of their mutual claims. He who would deprive his co-partner of this privilege, should be prepared, beyond all reasonable exception, to establish a definite demand, from which it is unquestionable, that entire justice will be administered. This the plaintiff has not done.

GOULD, J. The question, in this case, lies within a narrow compass. For two reasons, either of which is, in my judgment, decisive, the action cannot be supported. The plaintiff's demand arises out of a partnership concern between himself, the defendant, and two other parties. For as to the adventure, of the avails of which the plaintiff claims a recovery of his share, all the parties concerned were strictly partners. But, in the first place, an action of *assumpsit* will not lie, between partners, for a balance due upon their partnership-account, unless the account has been previously liquidated, and a balance struck. But between these parties, there has been no such liquidation. The settlement between the defendant and another of the partners, is a fact, as foreign to the merits of this case, as any other supposable transac-

Hartford,
June, 1818.

Beach
v.
Hotchkiss.

*Hartford,*
June, 1818.

Beach
*v.*
Hotchkiss.

tion, between other parties. These reasons alone are conclusive, against the present action.

But there is another consideration, equally decisive, that no action at *law*—not even the action of account, could be maintained, upon the facts stated in the motion. There were four distinct parties, interested as partners, in this adventure. But an action of account will not lie, (and much less will any other action at law,) for the settlement of company-accounts, where the number of partners exceeds two. This point was determined, by the superior court, several years ago, in the case of *Boardman* v. *Seymour ;* in which one of three partners in trade brought an action of account, against one of the others : And that determination has been since followed, in one or two other cases. The principle of these decisions is a very obvious and satisfactory one, *viz.* that where there are more than two partners, it is impossible to liquidate their partnership-account, in an action at law. If, for example, the number is but three ; two of them cannot join, as plaintiffs, against the other : because two cannot have a *joint* right of recovery against the third. And one of them cannot recover against the other two, as co-defendants ; because there is no *joint* liability. Neither can one of the three recover against either of the others, *singly :* since the mutual claims of any two of them cannot be completely adjusted, without deciding upon those of the third. But a decision between two, would not be even evidence, for, or against, the other ; nor can his rights be tried, in a suit, to which he is not a party. And even if it were possible, to adjust a final balance, as between two of three partners, without adverting to the state of the account, between themselves and the third ; still the entire concern could not be settled, in this manner, by less than three suits. And in a case, in which the number of partners is large, it would require, in this mode of proceeding, no inconsiderable skill, in the science of numbers, to ascertain, how many suits would be necessary, to liquidate the whole partnership-account. It is certain, that action might succeed action, almost interminably, before that end could be attained. Indeed, it would be practically unattainable. The only mode, in which a partnership-concern can be settled by suit, is that, in which all the partners can be made parties. And this can be done, where there are more than two partners,

only in a court of equity. Before that court, all the partners, however numerous, may be brought, by a single suit ; and such an inquiry may there be had, and such relief decreed, as may be necessary, to settle the whole concern. But by no other proceeding, known in our law, can this result be brought about. I am, therefore, clearly of opinion, that, upon the facts stated in the motion, the present action cannot be maintained.

*Hartford,
June, 1818.*

Beach
*v.*
Hotchkiss.

The other Judges were of the same opinion, except CHAP-MAN, J. who gave no opinion, having been absent when the case was argued.

New trial to be granted.