ALLEN B. FARRAR and another *vs.* URIAH T. PEARSON.

*Account—action of—when not maintainable.*

In the absence of any adjustment of the matters of a partnership, two members thereof cannot maintain a joint action of account against the third, to recover their share of the net profits.

Thus, in the trial of a joint action of account by the plaintiffs against the defendant, it appeared, on the part of the plaintiffs, that the parties were partners, on equal terms, in the business of hunting; that they killed several moose, which the defendant sold and received the money for; that he had received other moneys belonging to the firm; and that on being called upon for payment, he told one of the plaintiffs he would pay when he had the money, and the other that he had received no more money than he had paid out. *Held*, that the action was not maintainable.

In case of a tenancy in common, each tenant may bring his several action; but two cannot join against a third, for they have no joint interest.

ON EXCEPTIONS.

ACCOUNT against the defendant as " receiver of moneys of the plaintiffs."

The plaintiffs proved that in the winter and spring of 1867, they and the defendant were partners in the hunting business, each being entitled to the profits and liable to the losses ; that they killed several moose, some of which the defendant sold and received the money for ; that the defendant collected an order of $108 and various other moneys belonging to the firm, amount not known ; that the defendant told Farrar he would pay him as soon as he had the money, and told Webber (the other plaintiff) that he had received no more money than he had paid out.

The defendant moved that the plaintiffs be nonsuited, on the ground that they could not jointly maintain this action. But the presiding justice ruled otherwise, and ordered the defendant to account. Thereupon the defendant alleged exceptions.

*P. G. White*, for the plaintiffs, contended

That the object for which the partnership had been created, having ceased, a settlement only remained.

That the firm owed no debts; and that the defendant had converted everything into money.

That the plaintiffs were joint tenants in their share of the proceeds of the sale of the property, seized *per my et per tout.* Coll. on Part. § 123. And as such the defendant was bound to account to them jointly. *McMurray* v. *Rawson,* 3 Hill, 59; *Griffith* v. *Willing,* 3 Bain, 317; *Whelan* v. *Watmough,* 15 Serg. & R. 153; *James* v. *Brown,* 1 Dall. 339.

*A. Sanborn,* for the defendant.

APPLETON, C. J. This is an action of account. "Account render," observes Gibson, J., in *Geary* v. *Cunningham,* 10 S. & R. 230, "is at best but a clumsy remedy, and so greatly inferior to a bill in equity, that it is in England abandoned altogether." It is, however, still retained in this State.

At the trial at *nisi prius,* the presiding justice rendered the interlocutory judgment, *quod computet,* to which exceptions were taken. The question presented is whether the plaintiffs, upon the evidence produced, were entitled to this judgment.

The plaintiffs and defendant were partners. There has been no adjustment of the affairs of the partnership, and no balance ascertained. The interests of the several partners *inter sese* were several. There is nothing showing or tending to show any interest on the part of these plaintiffs, which alone would entitle them to maintain a joint action against their copartner. There is no express promise proved, and nothing from which one can be implied.

In *Whelan* v. *Watmough,* 15 S. & R. 153, this form of action was brought by one partner against two, and it was held not to be maintainable unless a joint liability was shown. "When the objection was first made, that there could not be a verdict and judgment for the plaintiff *quod computet,* unless the jury found a joint liability of the defendants to render an account, I was impressed," observes Duncan, J., "with an opinion that it was unanswerable. It seemed to me that it would be unsettling the first

foundations, to say that one man should be answerable for another, when there was no express contract, and when, from the nature of the consideration, there could be none implied. I did not then believe it to be law, and so instructed the jury, that on the plea of never bailiffs or receivers of the plaintiffs, unless they found that this was a house of partnership, consisting of two parties, the plaintiffs one and the defendants the other, then verdict should be for the defendants." This ruling was sustained and judgment entered on the verdict.

The same reasoning is still more applicable when there are two partners suing a third. The defendant may owe one and not the other, or one more than the other. The plaintiffs cannot have several judgments in accordance with the different amounts the defendant may owe them severally. They have no joint cause of action and therefore they cannot recover, though the same amount was due each. "Neither," observes Gould, J., in *Beach* v. *Hotchkiss*, 2 Conn. 425, "can one of the three (when the partnership consists of that number) recover against either of the others singly, since the mutual claims of any two of them cannot be completely adjusted without deciding upon those of the third." The only mode by which the affairs of a partnership, consisting of three or more, can be settled by suit is by bill in equity, where all the partners are made parties to a suit, in which their respective rights can be adjusted.

In *Portsmouth* v. *Donaldson*, 32 Penn. 202, the precise question here presented arose. It was there held that one partner could not maintain this action against his two copartners jointly, without showing a joint liability on their part to account. "The action of account render," observes Strong, J., in delivering the opinion of the court, "is founded upon contract, and the engagement between the partners is, that each partner shall account to every other for himself, and not for his copartner. It is a several liability, and no two partners are responsible to another jointly."

In case of a tenancy in common, each tenant may bring his several action, but two cannot join against a third, for they have no joint interest. *Sturton* v. *Richardson*, 13 M. & W. 17.

· Had the plaintiffs brought assumpsit, the affairs of the firm remaining unadjusted, and no balance agreed upon, and no express promise proved, the plaintiffs could not recover. In such case the law will not imply a promise.	*Exceptions sustained.*

CUTTING, KENT, WALTON, BARROWS, and TAPLEY, JJ., concurred.