Plaintiff's complaint as amended alleges that plaintiff and defendant entered into an agreement (apparently oral) under which plaintiff was to do repair work for defendant and from the "gross proceeds" received by defendant he was to pay over to plaintiff "one-half" thereof; that plaintiff acting upon that agreement performed specified "services" in enumerated amounts and defendant is indebted to him in a stated amount. Additional allegations sounding in a conversion of tools alleged to be owned by plaintiff and damage to a hydraulic jack also alleged to be the property of plaintiff follow. *Page 276 
Defendant moves to strike the complaint as amended on the ground that plaintiff's remedy, if any, is for a partnership accounting and not one for damages.
If, as claimed by defendant, the relationship between plaintiff and defendant was that of copartners, plaintiff's remedy in the main is an action for accounting. See 47 C.J., Partnership,
§ 250, p. 802, and the following Connecticut cases cited in footnote 16: Beach vs. Hotchkiss, 2 Conn. 425, 428; Moorevs. Denslow, 14 id. 235, 237.
The complaint as drawn could have been more perfectly assembled. The allegations relating to breach of agreement, conversion by defendant of certain tools belonging to plaintiff and defendant's damage to the hydraulic jack alleged to be property of plaintiff should not have been thrown into a single count. But that apart, the essential question in the light of the interposed motion is whether plaintiff purports to allege initially the relationship of copartners or simply a breach by defendant of a contract of employment with compensation thereunder to be accorded plaintiff on a stipulated basis.
An examination of the complaint and amendment thereto satisfies the court that plaintiff is not purporting to allege a partnership status between him and defendant. Upon "the question of partnership it is sufficiently accurate to say that there is a partnership between two or more persons whenever such a relation exists between them that each is as to all the others, in respect to some business, both principal and agent."Morgan vs. Farrel, 58 Conn. 413, 422, quoted with approval inHotchkiss vs. DeVita, 103 id. 436, 445. Tested by this standard it is apparent that the alleged relationship between plaintiff and defendant was that of contractor and contractee on a stipulated basis de compensation.
 This conclusion disposes of defendant's motion. Motion denied.