(May 21, 1952.)

█

WILLIAM WEIDLICH et al., Appellants, *v.* FRANK B. WEIDLICH, Respondent.

*Per Curiam.* The complaint, in its first three prayers for relief, seeks a declaration of rights in a Connecticut partnership, a 60% interest in which is not before the court or subject to its jurisdiction. In the third and fourth prayers, the court is asked for a declaration and injunction at variance with rulings made by the United States District Court for the District of Connecticut in a proceeding brought by one of the plaintiffs to enjoin the pending liquidation of the partnership in Connecticut. It would be neither possible nor proper for the court to make the declarations or grant the injunction requested, and Special Term therefore properly ruled that it would not entertain jurisdiction to declare the rights of the parties.

The only remaining question is whether Special Term properly dismissed the complaint insofar as it sought an accounting from the defendant, holding that plaintiffs will obtain all the relief to which they are entitled in the forum where the partnership and corporation were organized and where they are in process of dissolution and liquidation. That should be so and apparently is so. But plaintiffs urge upon us the possibility that an accounting may be required from defendant and may not be had in the State of Connecticut because he is not a resident of that State or amenable to service there. It is worthy of note, however, that defendant attempted to intervene in plaintiff's Connecticut lawsuit and was shut out by plaintiff's objection to the intervention.

It is doubtful that an occasion will arise which will require any accounting by the defendant in this jurisdiction. We do not wish by this decision, however, to foreclose the bringing of such an action if it should become necessary. But certainly, in view of the Connecticut court's ruling that the liquidation should proceed, defendant should not be called upon to account until the liquidation is completed. Whether then it will be necessary to call upon him to account, and whether an accounting proceeding may be necessary in this jurisdiction, are questions which we need not decide at this time.

The order and judgment appealed from should be affirmed, with costs to respondent, with leave to plaintiffs to institute an accounting action against defendant at some subsequent time upon a showing of the necessity and propriety of such action in this jurisdiction.

Peck, P. J., Callahan, Van Voorhis, Heffernan and Bergan, JJ., concur.

Judgment and order unanimously affirmed, with costs.