FRANK B. WEIDLICH [FREDERICK E. WEIDLICH, AN-
CILLARY EXECUTOR, SUBSTITUTED PLAINTIFF] *v.*
CLIFTON F. WEIDLICH, EXECUTOR (ESTATE OF
WILLIAM WEIDLICH), ET AL.

KING, MURPHY, MELLITZ, SHEA and ALCORN, Js.

Argued April 7—decided July 28—Supreme Court judgment
opened September 11, 1959—new judgment rendered
February 2, 1960 [1]

[1] The plaintiff died after argument of this case but before its
decision. When it was discovered after the decision was rendered
that no representative of his estate had been substituted as party
plaintiff, the Supreme Court opened its judgment. Thereafter, the
Superior Court substituted the ancillary executor of his estate as
party plaintiff. On February 2, 1960, the Supreme Court ordered

*Clifton F. Weidlich,* for the appellants (named defendant et al.).

*Frederick L. Comley,* for the appellee (plaintiff).

SHEA, J. The Weidlich Sterling Spoon Company, a copartnership which formerly carried on business in Bridgeport, was dissolved on January 10, 1950, by agreement of the three partners, William Weidlich, Louis Weidlich and Frank B. Weidlich. Under this agreement Louis was designated liquidating partner, and he acted in this capacity until his death on July 21, 1950. Thereafter, Frank, the plaintiff, proceeded with the liquidation as though he were the sole surviving partner. After the payment of claims, he made distribution of part of the assets to the parties interested. In May, 1950, William assigned all his interest in the partnership to his son, Clifton F. Weidlich, a defendant. William died in 1955. An accounting of the transactions of the partnership for the period from January 23, 1951, to October 31, 1955, prepared by a firm of certified public accountants, was offered as Frank's final account of his liquidation of the partnership. This account contains no inventory of assets and makes no reference to the liquidation transactions

the entry of a new Supreme Court judgment in conformance with its original mandate.

prior to January 23, 1951. It was neither signed nor sworn to by Frank.

By the present action, Frank sought judicial approval of this account, claiming that he could not make final distribution of the assets remaining in his hands because of possible objection to the account by Clifton, individually and as executor under the will of William. Liquidation of the partnership assets was completed on October 11, 1950, and at that time there was on hand for distribution $29,176.10 in cash. Distribution of this money was withheld by Frank pending the outcome of litigation brought by Clifton, one action being in the United States District Court for the district of Connecticut and another in the New York Supreme Court. In the federal court, Clifton, as the assignee of the interests of William in three separate entities, one of which was this partnership, sued, in addition to others, Arthur M. Comley and John J. Plocar individually for wasting assets and acting in excess of their authority as attorneys and agents of the entities, which were in the process of liquidation. Neither of the living partners in the Weidlich Sterling Spoon Company, and no representative of the deceased partner, Louis, was made a party. From the judgment rendered in that action, an appeal was taken to the United States Court of Appeals for the second circuit, but the appeal was dismissed for lack of prosecution.

The action in the Supreme Court of New York was instituted by Clifton and William as coplaintiffs. They sought, inter alia, a declaration of the right of Frank to wind up the partnership affairs as sole surviving partner during the lifetime of another surviving partner. The case was determined in limine and the action was dismissed on a

motion for summary judgment. The judgment was affirmed on appeal to the Appellate Division, with leave, however, to the plaintiffs to institute an accounting action against Frank, if it was necessary to do so in New York, where he had formerly resided. *Weidlich* v. *Weidlich,* 279 App. Div. 1066, 112 N.Y.S.2d 626. Certain bills for legal fees and expenses incurred in connection with all of this litigation were charged against the partnership in liquidation, and the various items are reflected in the account which is presented for approval in the present action. The trial court found that all of these charges were fair and reasonable and, after directing certain minor amendments in the account, approved, accepted and allowed it as Frank's final account. From this judgment Clifton appealed, individually and as executor.

Among his assignments of error, Clifton, hereinafter called the defendant, claims that the court erred in denying his motion to dismiss the action for lack of jurisdiction over the subject matter and in overruling his claims of law that the account submitted by Frank was not a final account since it did not purport to cover the period of liquidation prior to January 23, 1951, and that it was not susceptible of judicial settlement. In our view of the case, the disposition of these claims of error will dispose of this appeal and the other assignments of error need not be considered.

Upon the termination of a partnership either by act of the parties or operation of law, an accounting usually becomes necessary. Mechem, Partnership (2d Ed.) § 464. Unless there is an adjustment by agreement, an accounting must be made in court, and equity is the proper forum. *Roberts* v. *Weiner,* 137 Conn. 668, 673, 81 A.2d 115. Equity has plenary

jurisdiction in the matter of partnership accounts which extends to all matters necessary to wind up partnership affairs. *Maruca* v. *Phillips,* 139 Conn. 79, 83, 90 A.2d 159; *Gillett* v. *Hall,* 13 Conn. 426, 433. Equity has full jurisdiction of a suit for an accounting and settlement of partnership affairs. The petition may be brought either by the representatives of a deceased partner against the survivors or by the survivors against such representatives. 4 Pomeroy, Equity Jurisprudence (5th Ed.) p. 459.

Where a partner presents a petition in equity against the other partners, stating that the accounts are unsettled and praying for an account, the usual course for the court is to appoint a committee or auditors before whom the parties can produce their accounts and be heard on oath and who will conduct a minute and patient examination of their claims. *Beach* v. *Hotchkiss,* 2 Conn. 425, 429; see Rev. 1958, c. 907. After the balance due and to whom it is due is ascertained, a report is made to the court, which has power to accept it or reject it. If the report is accepted, a decree may be entered in favor of the partners who are entitled to it and executions will be issued accordingly, whether the debtors are plaintiffs or defendants in the case. 2 Swift, Digest, p. 145.

Each partner owes to his associates the duty of rendering true accounts and full information about everything which affects the partnership. If he fails to perform this duty, his associates are entitled to maintain a suit for an accounting against him. Burdick, Partnership (3d Ed.) p. 350. The account when rendered should be in writing and should be substantiated by the partner's oath. *Sigourney* v. *Munn,* 7 Conn. 324, 332. Any partner may bring a petition in equity for the settlement of partnership

affairs.  *Green* v. *Hart,* 27 Ky. L. Rep. 970, 973, 87
S.W. 315; George, Partnership, p. 334.

In this case, Frank sought, in addition to the ap-
proval of his account, such further relief as might
pertain to equity.  He alleged that final distribu-
tion could not be made without obtaining judicial ap-
proval of his account, and from the pleadings it
appears that numerous objections have been made
to the account.  One of the appropriate forms of
equitable relief, upon the approval of the true final
account, would be the settlement of the partnership
and the final distribution of its assets.  While the so-
called final account has been approved in this case,
no such order of settlement or distribution has been
made.  The reason for this becomes obvious upon an
analysis of the account. On its face it is not a final ac-
count.  It does not purport to account for all the firm
property from the time of the agreement of dissolu-
tion in January, 1950.  In form it is limited to certain
items which relate to the propriety of legal charges
and expenses incurred in connection with the litiga-
tion in the United States District Court and the
New York Supreme Court.  No inventory of the
assets of the partnership was included in the ac-
count, nor is there any detail listed concerning the
process of liquidation.  The capital of the partner-
ship and the interests of the partners in it are not
revealed.  Unless this information is furnished, the
court is powerless to make any final order of settle-
ment or distribution.  A final account is the one great
occasion for a comprehensive and effective settle-
ment of all partnership affairs.  All the claims and
demands arising between the partners should be
settled upon such an accounting.  Mechem, Partner-
ship (2d Ed.) § 465, p. 404.

Since the case must be remanded for further pro-

ceedings, we do not undertake to pass upon the conclusion implicit in the trial court's finding that the charges, or any of them, made in the account are legally chargeable to the partnership. It should be noted, however, that the accounts of this partnership were not before the United States District Court for determination or settlement. Neither the partnership entity nor the legal representative of the deceased partner nor the surviving partners were before that court, and hence it had no jurisdiction to allow or to approve the partnership accounts. *In re Grossmayer,* 177 U.S. 48, 50, 20 S. Ct. 535, 44 L. Ed. 665; 2 Rowley, Modern Law of Partnership § 719; Story, Partnership (7th Ed.) § 235.

In this action, a member of the firm of attorneys who represented Frank is a defendant in his capacity as coexecutor of the estate of Louis Weidlich. Neither he nor his coexecutor appeared, and judgment by default was entered against them although the judgment file does not reflect this action. The legal fees and expenses charged by this law firm in connection with the litigation brought against this member of it has become one of the principal controversies in the litigation. In the disposition of this appeal, it is unecessary to discuss the claim made by the defendant that Frank's attorneys represented conflicting interests. In a new trial, however, consideration should be given to this claim. If it appears to be the duty of the law firm to contend for that which should be opposed by one of its members in the fulfilment of his duty to others, then the firm should not participate in the litigation. Canons of Professional Ethics, No. 6, Practice Book, p. 3.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.