[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the dissolution of a partnership and for an accounting and division of partnership assets. The plaintiffs, David Lane and Cheryl Matthew instituted this action against the partnership, Litchfield Partners I and their partners, the defendants, Peter Lane, David Trask, Irene Drum and Joseph Disanto. It is alleged that in 1984 the parties entered into a partnership agreement and established a partnership known as Litchfield Partners I, the objective of which was the "buying, selling and investing of real property interests."
The plaintiffs' complaint alleges the following facts. On February 6, 1985, the partnership purchased property in West Cornwall, Connecticut. CT Page 2092 On March 11, 1985, the defendant Peter Lane, an attorney licensed to practice in New York State, filed with the Secretary of State of Connecticut, a certificate of incorporation for Freshfields of West Cornwall, Inc. (Freshfields). The plaintiffs allege that this act was done by Lane, as general partner, for the benefit of the partnership.
On April 1, 1985, the partnership leased its property in West Cornwall to Freshfields. The lease was signed by the defendant Drum as landlord and the defendant Lane as Vice President of Freshfields. In July of 1985 Freshfields began operating as a restaurant on the leased premises. On August 9, 1988, Freshfields was dissolved by the Secretary of State of Connecticut for its failure to file an Organization report within two years of its incorporation.
The plaintiffs further allege that in January of 1989 Freshfields ceased to operate as a restaurant on the leased premises. On March 1, 1989, the partnership, by the defendant Lane, its general partner, sold the restaurant fixtures and the real property to Mudge Pond Associates.
Finally, the plaintiffs allege that although they have requested an accounting of the proceeds from the sale of the real property, the defendants have refused to pay or account to the plaintiffs for said proceeds.
In the second count of the amended complaint the plaintiffs seek a judicial decree dissolving the partnership pursuant to Conn. Gen. Stat. 34-70.
In the third count of the amended complaint the plaintiffs allege that a considerable amount of property belonging to the partnership is in the possession and under control of the defendants. The plaintiffs claim that the property is liable to waste unless speedily distributed.
In the fourth count of the complaint the plaintiffs allege that the corporate dissolution of Freshfields was a direct result of the failure of the defendant Lane to fulfill his duty and responsibility concerning the providing of legal services necessary for the accomplishment of the objectives and purposes of the partnership. The plaintiffs claim that they relied on Lane to file the required organization report for Freshfields. The plaintiffs allege that the failure of Lane to timely file the organization report caused the plaintiffs to suffer personal exposure for the debts of Freshfields.
In the fifth count of the amended complaint, the plaintiffs demand their share of the proceeds from the sale of the restaurant fixtures and the real property.
In the sixth count of the amended complaint, the plaintiffs claim that the defendants have been unjustly enriched by their refusal to share the proceeds with the plaintiffs. CT Page 2093
The defendants have filed a motion to strike the amended complaint for its failure to comply with Conn. Practice Bk. 131 and Conn. Gen. Stat. 52-91, have also moved to strike counts four, five and six on the grounds that these counts are legally insufficient.
On December 5, 1990, the plaintiffs filed a request for leave to amend their amended complaint which the court has allowed. The amended complaint now includes a statement of amount in demand as required. Conn. Practice Bk. 131 and Conn. Gen. Stat. 52-91.
Accordingly, the motion to strike on those grounds is denied. With respect to the individual counts a motion to strike challenges their legal sufficiency. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion. Blancato v. Feldspar Corporation,203 Conn. 34, 44 (1987).
"In judging a motion to strike,. . . it is of no moment that the plaintiff may not be able to prove [his] allegations at trial." Levine v. Bess Paul Siel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (Super.Ct. 1983). "The sole inquiry at this stage of the pleadings is whether the plaintiffs' allegations, if proved, state a cause of action." Babych v. McRae, 41 Conn. Sup. 280,282 (1989. Schaller, J.)
The defendants assert in their motion to strike counts four, five and six of the plaintiffs' complaint that these counts are legally insufficient because the plaintiffs have not satisfied a condition precedent to the prosecution of these counts. The defendants argue that a partnership relationship precludes the bringing of suits between partners concerning partnership transactions until after the dissolution of the partnership itself. The plaintiffs, in opposition to the motion to strike argue that they are properly seeking a court dissolution of the partnership and an accounting.
"The settlement of partnership affairs comes properly within the equity jurisdiction of the court, and the relief which equity can afford is particularly appropriate and effective." Maruca v. Phillips, 139 Conn. 79,82 (1952). "Any partner may bring a petition in equity for the settlement of partnership affairs." Weidlich v. Weidlich, 147 Conn. 160, 164-165
(1960).
Moreover, Conn. Gen. Stat. 34-70 provides for the dissolution of a partnership by a judicial decree. This statute provides in pertinent part:
 "(1) Upon application by or for a partner the court shall decree a dissolution whenever:. . . (c) a partner has been guilty of such conduct as tends to affect prejudicially the carrying CT Page 2094 on of the business, (d) a partner wilfully or persistently commits a breach of partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him,. . . (f) other circumstances render a dissolution equitable."
The allegations contained in counts four, five and six of the plaintiffs' amended complaint seek a settlement of the partnerships affairs. Since on a motion to strike, the court must construe the facts alleged favorably to the pleader, the court finds the plaintiff has pleaded facts sufficient to state a cause of action and the motion to strike should be and is denied.
The defendants also move to strike count four on the ground that the amended complaint fails to allege any duty that would have obligated the defendant, Lane to render legal services to the partnership. Furthermore, to the extent that Lane had an obligation to file an organization report, they argued this obligation ran to the corporation and not to the unrelated partnership or its partners.
However, in paragraph five of the amended complaint the plaintiffs allege that "at the time of the formation of the general partnership known as Litchfield Partners I, Defendant Peter J. Lane assumed all duty and responsibility for any and all legal services necessary for the accomplishment of the objectives and purposes of the general partnership known as Litchfield Partners I." In paragraph eight of the amended complaint, the plaintiffs further allege that "for the benefit of Litchfield Partners I and as general partner of Litchfield Partners I," Peter J. Lane caused the incorporation of Freshfields.
In view of the law with respect to considering such allegations as proven, the court is required to deny the motion to strike.
Accordingly, the motion to strike as to all counts of the plaintiffs' amended complaint is denied.
McDONALD, J.