THOMAS A. BARTON *v.* ALEXANDER W. AUDIETIS
(9421)

DALY, NORCOTT and CRETELLA, Js.

Argued March 25—decision released June 18, 1991

*Patrick Zailckas,* with whom, on the brief, was *Howard W. Shelnitz,* for the appellant (plaintiff).

*Richard J. Joseph,* for the appellee (defendant).

NORCOTT, J. The sole issue in this appeal is whether the trial court should have accorded the plaintiff an accounting of the financial dealings of a partnership known as Central Ag. Industries (Central) pursuant to General Statutes §§ 34-59[1] and 34-60.[2]

---

[1] General Statutes § 34-59 provides in pertinent part: "ACCOUNTING BY PARTNER. (1) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

[2] General Statutes § 34-60 provides: "RIGHT OF PARTNER TO ACCOUNTING. Any partner shall have the right to a formal account as to partnership affairs: (a) If he is wrongfully excluded from the partnership business

The following facts are relevant to the resolution of this appeal. The plaintiff and the defendant formed a partnership by oral agreement in July, 1983. The partnership did "custom farm work" consisting of planting and chopping corn and spraying and bailing hay for farmers located principally throughout northwestern Connecticut. Both parties agreed to contribute equipment, materials, time and effort to the partnership. The defendant's initial principal contribution was certain equipment, and the plaintiff's main contribution was "time and effort." When the plaintiff quit the partnership in September, 1988, it was dissolved.

In July, 1990, the trial court heard evidence in an action brought by the plaintiff seeking (1) the dissolution of the partnership, (2) the appointment of a receiver to take possession of the partnership assets, (3) an accounting of the financial dealings of the partnership, and (4) the payment of his share of any heretofore unpaid profits. The court agreed that the partnership had been dissolved. Although the plaintiff claimed that the parties had agreed to share the partnership's profits equally, the trial court found that the terms of the partnership agreement were extremely vague. It further found that there was a gross inequity between the value of the assets that were brought to the partnership by each of the parties, as the plaintiff had furnished the partnership with only a pickup truck, and the defendant had provided "substantial tangible personal property of significant value." The court also noted that the parties had each retained title to their respective assets. From these findings, the trial court concluded that "the plaintiff had not borne his

or possession of its property by his copartners, (b) if the right exists under the terms of any agreement, (c) as provided by section 34-59, (d) whenever other circumstances render it just and reasonable."

burden of proving the terms of their agreement" and denied the plaintiff the accounting and the other requested relief.[3]

The defendant argues, and the trial court seems to agree, that, absent proof of the terms of the partnership, an accounting is not warranted. We find no support for such a proposition of law, and none is cited by either the defendant or the trial court.

The trial court's concern with the terms of the partnership was misplaced. Here, there was no question as to the existence of a partnership. When the essence of the dispute between partners concerns what occurred with respect to the partnership's financial affairs, the court must follow the statutory requirements to determine whether the moving party should be awarded an accounting.

By focusing its consideration on the partnership agreement, the trial court failed to examine fully the criteria of General Statutes §§ 34-59 and 34-60. Although it is true that a partner is entitled to an accounting under General Statutes § 34-60 if that right exists under an agreement, that statute also mandates an accounting when a partner is wrongfully excluded from the partnership business or possession of its property, when a partner derives profits from the partnership without the consent of the other partners and when other circumstances render it just and reasonable. See also General Statutes § 34-59 (1); *Weidlich* v. *Weidlich,* 147 Conn. 160, 163, 157 A.2d 910 (1960) ("Upon the termination of a partnership either by act of the parties or operation of law, an accounting usually becomes necessary").

---

[3] Specifically, the trial court's memorandum of decision states: "I am forced to conclude that the plaintiff has not borne his burden of proving the terms of their agreement so that it would be possible for me to enter any meaningful decree to guide a receiver or to formulate an order as to division of property."

The judgment is reversed and the case is remanded for a determination of whether the plaintiff is entitled to an accounting of the partnership's financial affairs under the factors set out in General Statutes §§ 34-59 and 34-60.

In this opinion the other judges concurred.