[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between two former business partners, the plaintiff, David Cunningham, and the defendant, Scott McEvoy, concerning a division of the partnership assets and related issues. In his seven count amended complaint dated May 9, 1994, the plaintiff alleges that in January of 1982, the plaintiff and the defendant formed a partnership named The Advanced Collector, on High Ridge Road in Stamford, and since CT Page 9375 January of 1985, the defendant has refused to permit the plaintiff to have access to the partnership books. The plaintiff seeks an accounting pursuant to General Statutes § 52-401, et seq. In the subsequent counts of the amended complaint, the plaintiff alleges that the defendant has caused tax penalties to accrue; that the defendant has damaged the plaintiff's reputation by "bouncing" partnership checks; that the assets of the partnership should be sold and divided between the parties; that the defendant violated the partnership agreement by buying and selling merchandise for his personal business, Stamford Numismatics, in competition with the partnership; that the defendant neglected to pay rent for the portion of the rental premises occupied by Stamford Numismatics, and that the defendant embezzled partnership funds. Hence, the plaintiff alleges that he is entitled to treble damaged pursuant to General Statutes § 52-564. The plaintiff seeks an accounting, dissolution of the partnership, sale and distribution of the partnership assets, and damages.
The defendant filed an answer denying the material allegations of the complaint. The case was then referred to Attorney Edwin K. Dimes, an attorney trial referee, in accordance with General Statutes § 52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed his report containing the following findings of fact: (1) that the partnership began in 1982, and terminated ten years later; (2) that the partnership was engaged in selling various collectibles, including baseball and other sports cards, stamps, coins, and bullion, while at the same time both the plaintiff and the defendant also conducted their own private or individual businesses involving the sale of comic books and firearms, respectively; (3) that subsequent to the termination of the partnership in 1992, the parties distributed the assets of the partnership to each other by mutual agreement, except for approximately 600,000 baseball and sports cards, which are in the possession of the plaintiff, and a display case which is in the possession of the defendant; (4) that approximately $30,000 of partnership bills remain unpaid; (5) that the defendant owes approximately $4,000 to $5,000 for telephone charges that the defendant billed to the partnership; and (6) that the plaintiff seeks approximately $100,000 from the partnership assets.
The attorney trial referee reached the following conclusions as a result of his findings of fact: (1) that the plaintiff is entitled to an accounting, and therefore the ATR recommended that CT Page 9376 judgment should enter with respect to the first count of the complaint in favor of the plaintiff ordering the defendant to account; (2) that judgment should enter in favor of the defendant on the third count of the complaint claiming damage to the plaintiff's reputation as no credible evidence was presented with respect to this allegation; and (3) that judgment on the remaining counts of the complaint should be held in abeyance pending the outcome of the accounting.
The defendant, pursuant to Practice Book § 438, moved to correct the report to reflect that: (1) the business of the partnership was limited to stamps, coins and baseball cards; (2) the plaintiff's brother, who is also his attorney in this case, had been given access to the partnership's books and day sheets as early as December, 1990; (3) the records of the partnership, the cash box, and the 600,000 baseball cards were always available for inspection by the plaintiff and/or his attorney or accountant, and that the defendant never refused access thereto; (4) the plaintiff reported losses from the partnership on his individual federal income tax returns from 1985 up to, and including, 1991; (5) the defendant worked full-time for the partnership, as contrasted with the plaintiff who only worked part-time until around 1989 or 1990; (6) there was insufficient evidence presented at the trial to validate the plaintiff's claim for $100,000; and (7) insufficient evidence had been presented by the plaintiff to justify a judgment mandating an accounting.
The attorney trial referee declined to make any changes in his report or his recommendation that an accounting be ordered. His response to the motion to correct indicated that the requested additions by the defendant were either "redundant," "unsupported by credible testimony," or "unnecessary" regarding the issue of whether the plaintiff is entitled to an accounting.
The file does not reveal that the defendant filed objections to the acceptance of the referee's report pursuant to Practice Book § 440. Therefore, he has waived any right to claim that the referee's conclusions of fact were not properly reached on the basis of the subordinate facts that were found, or that there were errors in rulings on the admission of evidence or in other rulings.
The defendant filed exceptions to the referee's report, pursuant to Practice Book § 43. Only excerpts from the transcript of the evidence that was introduced at the trial were filed. CT Page 9377 Practice Book § 439 provides that the complete transcript of the trial must be filed unless the parties agree that only excerpts may be filed. The file does not indicate that any such agreement was reached. Therefore, it is impossible to discern if there was sufficient credible evidence in the record to sustain the referee's factual findings.
The attorney trial referee has recommended that an accounting take place as required by statute. The referee's response to the motion to correct, apart from the defendant's failure to file the complete transcript, appears to be eminently justified. A partnership was dissolved by the parties and a dispute has arisen regarding the proper dissolution of partnership assets. The utilization of Chapter 907 of the General Statutes appears entirely justified by these circumstances.
Pursuant to General Statutes § 34-60, regarding partnerships and accountings, "[a]ny partner shall have the right to a formal accounting as to partnership affairs: (a) If he is wrongfully excluded from the partnership business or possession of its property by his copartners, (b) if the right exists under the terms of any agreement, (c) as provided by section 34-59, (d) whenever other circumstances render it just and reasonable." See also General Statutes § 34-81. In Barton v. Audietis, 25 Conn. App. 92,94, 592 A.2d 974 (1991), the court discussed the circumstances under which an accounting between partners may be ordered, and quoted Weidlich v. Weidlich, 147 Conn. 160, 163,157 A.2d 910 (1960) for the proposition that "[u]pon the termination of a partnership either by act of the parties or operation of law, an accounting usually becomes necessary."
Thus, both of the referee's recommendations are accepted. A judgment enters as to the first count of the complaint ordering that the defendant account to the plaintiff. Judgment enters for the defendant as to the third count in absence of any contest by the plaintiff.
General Statutes § 52-402 refers to the appointment of "not more than three disinterested persons to take the account." If the parties can agree on the identity of an auditor or auditors, the court will appoint that person(s). If agreement cannot be reached, the court should be advised within two weeks of the date hereof, and a hearing will be conducted in order to make the required appointment. CT Page 9378
So Ordered.
Dated at Stamford, Connecticut, this 24th day of August, 1995.
William B. Lewis, Judge